Fletcher, J.
This is assumpsit in which, according to the declaration, the plaintiffs claim to recover the whole amount of assessments laid upon five shares of the stock of the company subscribed for by the defendant.
It appeared in evidence, that the company had in fact sold the shares, in consequence of the neglect of the defendant to pay the assessments, and that the shares sold for $69,50 each; and the plaintiffs really sought to recover only the difference between that sum and $100 a share, which was the par value. It was objected in behalf of the defendant, that the action could not be maintained in this form, since upon the facts no action would lie at common law to recover the assessments, as the company had in fact sold the shares, so that they could not transfer them to the defendant on payment of the assessments, and the declaration contains no *111 averments to bring the action within Rev. Sts. c. 39, § 53. To avoid this objection, the plaintiffs’ counsel asked leave to amend the declaration by filing new counts.
But it is not necessary to consider the question as to the form of action or the admissibility of the amendments, as it is quite clear, that the defendant has a good ground of defence on the merits. It was maintained in behalf of the defendant, that under the provisions of law and of the plaintiffs’ charter (St. 1845, c. 102,) it was necessary for the corporation to determine the number of shares of which the capital stock should consist, and that those shares should be taken up, before they could proceed to lay assessments thereon, and that the corporation, never having determined the number of shares, could not maintain this action for assessments.
The third section of the plaintiffs’ charter is as follows: “ The capital stock of said corporation shall consist of not more than fifteen thousand shares, the number of which shall be determined, from time to time, by the directors thereof, and no assessment shall be laid thereon to a greater amount, in the whole, than one hundred dollars on each share.” The plaintiffs did not show, and it does not appear, that the directors ever fixed the number of shares of which the capital stock should consist.
It has been decided in several cases, that no subscriber for shares can be liable for assessments for the general object of the corporation, as in the present case, till the whole capital stock is taken up. The directors should, therefore, according to their charter, have determined the number of shares, of which the capital stock was to consist, and when those were taken up, they might proceed to assess and collect assessments. But until the number of shares forming the capital stock was fixed, there was no capital stock, upon the defendant’s shares of which assessments could be rightfully laid and collected by the corporation.
Subscribers for shares only undertook to pay their proportion of a capital stock fixed by the directors; it being, of course, assumed, that the directors in the discharge of their duty would fix such an amount as would cany into effect the *112 objects and purposes of the enterprise. But if a subscriber was compelled to pay his subscription, before any capital stock was fixed, he might be compelled to pay before any sum was subscribed sufficient to carry on the work, and without any assurance that any such sum ever would be subscribed. By the terms of the subscription paper it is agreed, that such assessments shall be paid by the defendant, as may be required under provisions of law. The provisions of law require, that the directors shall determine the number of shares, of which the capital stock shall consist. The directors in the present case not having determined the number of shares so as thus to form a capital stock, there was according to the principles of law no capital stock, the defendant’s shares or proportions of which were legally liable to assessment, nor can the defendant be legally held to pay any such assessments. Portland, Saco & Portsmouth Railroad v. Graham, 11 Met. 1; Salem Mill Dam Co. v. Ropes, 6 Pick. 23; Central Turnpike v. Valentine, 10 Pick. 143; Lexington and West Cambridge Railroad v. Chandler, 13 Met. 312.
P. C. Bacon and D. Foster, for the defendant.
F. H. Dewey, for the plaintiffs.

Verdict for plaintiffs set aside, and plaintiffs nonsuit.