## THE STATE v. JOHNSON and JOHNSON.

1. **Criminal law:** FORGERY. The false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability, is forgery.

2. —— INDICTMENT IN FORGERY. While in an indictment for forgery it is necessary to set out a copy of the instrument, it need not be prefaced by any technical form of words to express that it is so set out; and the words " of the purport and effect following," are sufficient, at least under our statute.

3. —— ANIMAL SCALP BOUNTY CERTIFICATE. The certificate of a justice of the peace authenticating the presentation and counting of gopher scalps for which a bounty has been offered by the board of supervisors, which is to be received by the board as legal proof of such counting, for the purpose of issuing warrants to pay the bounty claimed, is the subject of forgery.

4. —— FORGERY OF INSTRUMENTS WANTING LEGAL EFFICACY. While there can be no forgery of an instrument invalid upon its face, yet, on the other hand, it is not necessary that it should have *actual* legal efficacy, and it is sufficient that, if genuine, it might have such *apparent* efficacy. Although its invalidity might be established by extrinsic facts it may, nevertheless, be capable of effecting a fraud, and the subject of forgery.

*Appeal from Marshall District Court.*

THURSDAY, JANUARY 28.

FORGERY.— The indictment charges that one David Burns was a justice of the peace, and, as such, authorized by the board of supervisors to count and destroy gopher scalps produced before him, and make and issue his certificate of such counting and destruction to the parties producing the same before him; that said certificates were taken and received by the said supervisors as legal proof of the counting, etc., for the purpose of issuing warrants thereon to the holders thereof on the treasury

of the county, as the bounty authorized by them for the destruction of gophers; that the county board allowed fifteen cents for each scalp; that the defendants on, etc., willfully, etc., " did make, forge and counterfeit a certain certificate purporting to be a certificate which had been duly issued by the said David Burns, as justice of the peace, as aforesaid, as evidence to the board of supervisors, of the counting and destruction of gopher scalps; which said false, etc., certificate is of the purport and effect following, to wit: " Timber Creek township, Marshall county, Iowa, July 1, 1868. This certifies that Joseph Kelly presented at my office this day two hundred and thirty-five (235) gopher scalps which were duly counted and destroyed by me, David Burns, J. P. — " contrary to the statute, etc."

Demurrer to indictment overruled. Trial and verdict of guilty. Motion in arrest overruled. Judgment on the verdict, and defendant appeals.

*Street & Lamb* for the appellant.

I. The indictment is defective and insufficient, for the reason that it does not set forth therein a copy of the instrument alleged to have been forged, but only sets forth the purport and effect of said instrument.

A full and true copy of the instrument alleged to have been forged must be set forth in the indictment, or a reasonable excuse assigned in the indictment for omitting to set forth such copy. *State* v. *Callendine*, 8 Iowa, 289; *Commonwealth* v. *Houghton*, 8 Mass. 107, 110; *State* v. *Jones*, 1 McMullen, 236; Barbour's Crim. Law, 2d ed., 121, 122, and cases there cited; Russell on Crimes, 8th ed., vol. 2, p. 372, and cases there cited in note; *Biggs* v. *The People*, 8 Barb. 547; Wharton's Crim. Law, §§ 305, 306, 307; Wharton's Precedents of Indictments and Pleas, 264; *People* v. *Franklin*, 3 Johns. Lead. Cases,

299; *Commonwealth* v. *Bailey*, 1 Mass. 62; *United States* v. *Britton*, 2 Mason, 462; *State* v. *Handy*, 20 Maine, 81; *State* v. *Stephens*, Wright's Ohio, 73, 163 Hammond; *Ohio* v. *McMillen*, 5 Ohio, 269; 2 Leach, 808; 1 East. 180; 3 Chitty's Crim. Law, 1039, and many other cases cited in Wharton's Precedents of Indictments and Pleas; *People* v. *Allen*, 5 Denio, 76.

An accurate copy of the instrument alleged to have been forged must be set forth in the indictment in words and figures, to enable the court to see that it is one of those instruments, the false making of which the law considers a forgery. 1 Leach, 90, 172, 692, 753.

II. The words " that the instrument alleged to have ✓ been forged is of the purport and effect following, to wit," are of themselves insufficient in an indictment for forgery in any given case. *Commonwealth* v. *Wright*, 1 Cush. (Mass.) 46; *Commonwealth* v. *Tarbox*, id. 66; *Dana* v. *Ohio*, 2 Ohio St. 92, is a case in point; Warren's Ohio Crim. Law, and cases there cited, 268; Wharton's Crim. Law, §§ 305, 306, 307; Wharton's Precedents of Indictments and Pleas, 264, and many other cases there cited; Barbour's Crim. Law, 122, and cases there cited.

III. The word " tenor " means the exact copy of a writing pursuing the course of its words and figures as they succeed one another. It always imports a true copy of the thing written, and consists in identity, and it signifies the very words and figures. Clinton's Law Dict., vol. 2, p. 518, and cases there cited; 1 Cush. (Mass.) 65 and 66; Barbour's Crim. Law, 122, and cases there cited.

While "purport and effect," mean only the substance of it as it appears on the face of the instrument, and is thereby distinguished from " tenor." Clinton's Law Dict., vol. 2, p. 355, and cases there cited; Wharton's Am. Crim. Law, § 342; Barbour's Am. Crim. Law, p. 122, and cases there cited.

IV. No relaxation of the rule that the indictment must set forth the "tenor" of the instrument alleged to have been forged. See Code of Iowa, 1851, §§ 2916, 2920; see Revision of 1860, § 4665.

V. The instrument charged in the indictment to have been forged was not the subject of forgery under the law of the State of Iowa. Code of Iowa, §§ 4253, 2193, 2194, 2195; also chapter 60, Laws of the Tenth General Assembly, 67; 4 Black. Com. 247; *State* v. *Pierce*, 8 Iowa, 232; *State* v. *Thompson*, 19 id. 299; definition of "forgery," *Jones & Palmer's Case*, 1 Leach, 367.

VI. If the instrument alleged to have been forged does not tend to prejudice another's right, forgery can not be sustained upon it. *Barnum* v. *State*, 15 Ohio, 717; *People* v. *Harrison*, 8 Barb. 560; *People* v. *Shall*, 9 Cowen, 778; *People* v. *Galloway*, 17 Wend. 542; *Jones' Case*, 2 East. P. C. 883; *Moffat's Case*, id. 954; *Wall's Case*, id. 953; 12 Serg. & Rawle, 237; Addis. 33; *State* v. *Gherkin*, 7 Iredell, 206; Leach, 337; *People* v. *Wilson*, 6 Johns. 320; 3 City Hall Recorder, 142; *Wade's Case*, 2 id. 46; *Atherton's Case*, id. 159; *People* v. *Cady*, 6 Hill, 490; *Rex* v. *Marcus*, Carr & Kir. 355; *Jackson* v. *Weissenger*, B. Monroe, 214; *State* v. *Humphrey*, 12 Humph. 442; *Rex* v. *Wall*, 2 East. P. C. 953; *Rex* v. *Moffit*, 1 Leach, 431; Wharton's Criminal Law, §§ 1438, 1468.

VII. An indictment under the statute must bring the charge clearly within the prohibition of that statute. *People* v. *Wilber*, 4 Park. 19; *Enright* v. *The People*, 21 How. Pr. 383; *Vincent* v: *The People*, 15 Abb. Pr. 234. And it must be made judicially to appear in the indictment and not by "purport and effect" or inference, as in the case before us. Wharton's Criminal Law, 285, note *g*, and cases there cited.

VIII. If the indictment does not show upon its face that it is the subject of forgery, averments must be made

in the indictment to show it is such. *Hunter's Case*, 1794; East. 3, 1796.; 2 Leach, 624 ; 2 East. P. C. note *c*, 19, *s*, 36 at pp. 928, 929, § 53, p. 977 ; *Rex* v. *Barton*, R. and M. C. C. R. 141; *Rex* v. *Martin*, id. 483 ; Russell on Crimes, vol. 2, p. 377, and cases there cited.

IX. There are no common law crimes within the State of Iowa, unless expressly made so by statute.

This question was first raised in *State* v. *Twogood* (7 Iowa, 254), and was decided in *Estes* v. *Carter* (10 id. 400).

X. Criminal statutes can not be made to embrace cases without the letter, though within the reason and policy, of the law. *State* v. *Lovell*, 23 Iowa, 304.

*Henry O'Connor*, Attorney-General, with whom *J. H. Bradley*, for the State.

1. The act constituting the offense, is charged as required by Revision, section 4659.

2. It is not necessary, to constitute forgery, that the instrument should create an absolute liability, if genuine. If it purports to be the act of another, by which any demand is, or purports to be, created, it is the subject of forgery. The test is, whether upon its face it will have the effect to defraud those who may act upon it as genuine. Revision of Iowa, § 4243; Wharton's Precedents, p. 135; *People* v. *Krummer*, 4 Parker's Cr. 217; 2 Wharton's P. & P. 1362, 1428, 1430, 1436, 1471, 1498; *People* v. *Stearns*, 21 Wend. 409; *Willsons* v. *People*, 5 Parker's Cr. 178; *People* v. *Pierce*, 8 Iowa, 231; *State* v. *Thompson*, 19 id, 298; *State* v. *Wooderd*, 20 Iowa, 541; 2 Archibald P. & P. § 35, 535, 553, 554.

Among other instruments, the authorities show the following to be the subject of forgery, viz.: First, a will of a

person still living; second, an order for the payment of prize money to a discharged seaman; third, a pass to a discharged prisoner, enabling him to receive certain sums from persons of different parishes which he would have to pass through; fourth, an unstamped instrument.

3. It was not essential that the board should, as a body, count and destroy the scalps. It was a matter which they could delegate to half their number, to one of their number, to their clerk, to the justice of the peace, as was in this case. The rule *delegatus non*, etc., has no application.

4. The words "of the purport and effect following," preceding a written instrument in an indictment for forgery, may be treated as surplusage, and the indictment good. Revision, § 4660; 2 Wharton's C. L. 1468, note to, and cases cited.

5. The setting forth of the instrument in words and figures, without any particular form of words, as "tenor and effect," "words and figures," etc., is a sufficient description, and the State is held in proof of the instrument as laid, and it is not essential that the instrument should be prefaced by the words "of the tenor following." Any similar expression, followed by a copy in words and figures, which conveys to a person of common understanding what is intended, and that this is the instrument forged, will be sufficient. If set out by the purport, the pleader is not held to technical strictness in proof. Wharton's Precedents, p. 130, noted, and cases cited, pp. 148, 163, note *s; State* v. *Wilkins*, 17 Verm. 151; *Commonwealth* v. *Parmenter*, 5 Peck. 279; Roscoe Cr. Ev. 511; 1 Archibald P. & P. p. 296, note 1.

6. The common law rules of strictness in criminal pleading, are not adhered to. Any defect in form which does not affect the substantial rights of the party, is cured by verdict. *Fellenger* v. *People*, 15 Abbott Pr. 128; *Holmes*

v. *People,* id. 154; *Tomlinson* v. *People,* 5 Parker Cr. 313.

W<small>RIGHT</small>, J. — By the statute, it is declared that if any person, with intent to defraud, falsely make, forge, etc., any * * * certificate of any public officer * * * in relation to any matter wherein such certificate is required by law, or may be received, or be taken as legal proof * * * or falsely, etc., make, etc., any order, acquittance, discharge or accountable receipt, for money or other valuable thing, or any other instrument in writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever, is, or purports to be, created, increased, transferred, conveyed, discharged or diminished, he shall be punished by imprisonment, etc. Revision, § 4253.

It will be seen that this section undertakes to specify the instruments, the false making of which would be forgery, rather than define the offense itself. As to this there is but little difficulty; for while different terms may be used, the several writers upon criminal law substantially agree in the definition. Without referring to them, it will be sufficient to state that adopted at least twice by this court, which is, that forgery is the false making or materially altering, with intent to defraud, of any writing, which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. *State* v. *Pierce,* 8 Iowa, 231; *Same* v. *Thompson,* 19 id. 299. Mr. Bishop briefly defines it to be the fraudulent making of a false writing, which, if genuine, would be apparently of some legal efficacy. 2 C. L. § 495, and see the definitions given in note 4 to this section, also *State* v. *Wooderd,* 20 Iowa, 541.

Having said this much as to the general nature of this offense, and its definition in law, we turn to the objections made by the appellant's counsel to the record and proceedings in the court below. And, first, it is insisted that the indictment is insufficient, inasmuch as it does not set forth a copy of the instrument alleged to have been forged, but only the purport and effect of the same. The argument is, that it is never sufficient to allege in an indictment for forgery, that the instrument is of the " purport and effect following," but that an accurate copy must be set out in words and figures, preceded, it may be, with the word " tenor," which always means an exact copy; while the words " purport and effect," mean only the substance, etc.

*2. —— indictment in forgery.*

Counsel have urged the position with most commendable zeal, and no little ability, and yet, upon several grounds, we feel constrained to hold it untenable. We concede the necessity, no excuse being shown, for setting forth the instrument. This was held in the *State* v. *Callendine* (8 Iowa, 288), and its correctness is not doubted. But it was held in *Houghton's Case* (8 Mass. 110), to which we are referred by appellant's counsel, " that there need be no technical form of words for expressing that it is so set forth." And while we concede that the precedents are in favor of the form which uses the " tenor " rather than " purport and effect," we have no thought that under our statute a defect of this character would vitiate the indictment. These words might be rejected, without in the least changing the meaning of the pleader. Then, again, there is a copy given. The State did not stop with giving a description of the instrument; as that it was of such a date, signed by such a party, and contained language having a particular purport and effect; but there is a copy set out,

and the court is thus able to see whether it does or does not come within the statute. Not only so, but the duty is to look at the substantial rights of the defendant, to see that all these are protected, and yet not stand upon any purely technical ground. Adopting the language used in a former case in this court, we remark that the " technical exactness of the common law, as enforced in criminal prosecutions, whereby many guilty persons escaped the just penalties due their crimes, and which justly became the reproach of that system of jurisprudence, has been wisely superseded in this State." See Revision, § 4650, 4656, 4657, 4659, 4660, 4667, 4925.

It is now sufficient if the offense is charged in ordinary language, in such manner as to enable a person of common understanding to know what was intended. *State* v. *Thompson, supra*. The correctness of this language is abundantly shown by the statute itself, in the several sections cited, and indeed it has been so often recognized both before and since that decision, that we shall not stop to support it by either cases or argument. There is need of certainty, we concede. It is important that one charged with crime should know fully what it is he must defend against. There should be such exactness in the facts charged constituting the offense, that the acquittal or conviction can be pleaded in a subsequent prosecution for the same offense. If this knowledge is given, and this protection secured, there is but little room for injury, mistake or surprise. And applying this thought to the indictment, it surely requires no argument to show that the defendant could know — any one of the commonest understanding could know — and understand the exact nature, tenor, indeed every part of the instrument upon which the forgery was assigned ; and there could be no trouble in pleading an acquittal or conviction thereon in

bar of any subsequent prosecution based upon the same instrument. The use of the word "tenor" might have been more technical, but it would scarcely have conveyed to the common understanding a greater certainty of meaning.

Certain it is that its omission cannot, by possibility, tend to prejudice the substantial rights of the accused upon the merits; and it is only such defects which can be regarded by us, or which can be held sufficient to vitiate the indictment. Revision, § 4660–5. Remarking that this is particularly true when the objection, as in this case, is first made in the motion in arrest, we turn to the only other point made by counsel, that the instrument described is not the subject of forgery under the laws of this State.

It cannot be difficult to show that the position, though most ingeniously stated and argued by counsel, is not well taken.

It is provided by statute that the supervisors shall allow one dollar each upon scalps of wolves, wild cats, 3. —— animal etc., to be paid from the treasury of the county scalp bounty certificate. in which said wolves, etc., were taken. The person claiming the bounty is required to produce the scalps to a county judge, or a justice of the peace of the county where taken, and it is made the duty of the officer before whom produced, to efface or destroy the scalps so as to prevent their use for a second bounty. No one is entitled to the bounty until he shall have sworn to a statement showing him entitled to the same. Revision, §§ 2193–5. And then by chapter 60, Laws of 1864, page 67, it is provided that the board may determine what bounties in addition to those above specified, if any, shall be offered and paid by the county for the scalps of such animals as they may deem it expedient to extermi-

nate.    From this legislation, and looking to the language of the indictment, it seems that the board had the power to and did offer and undertake to pay fifteen cents on each gopher scalp produced, and properly destroyed.    It is also clear and not denied that this justice, Burns, had the power to efface or destroy such scalps.    He had the power as such officer by the terms of the statute, and the indictment charges in express words that he was authorized thereto by the board and also to issue his certificate of such counting and destruction.    \*    \*    \*    Said certificate being received and taken by the board as legal proof of such counting, for the purpose of issuing warrants, etc.    Turning then to the statute (section 4253, (the substance of which is given in the commencement of this opinion), and the definition of this offense above, can there be any doubt that this instrument is the subject of forgery?    This justice is a *public* officer; this was his *certificate*, and if not *required* by any express language of the statute, it is one, according to the language of the indictment, *which may be taken and received as legal proof*.    And we have as little difficulty in holding that it is an *instrument in writing purporting to be the act of another*, by which a right or interest in, or to, property purported to be created.    Whether treated as a "certificate," or an "instrument in writing," it comes equally well, therefore, within the language and meaning of the statute.    The instrument is one which tends to prejudice another's rights, and is within the prohibition of the statute; the averments show conclusively that it is the subject of forgery.    Appellants insist that all these things should appear, which is conceded, and still there is no difficulty.

It must be borne in mind that it is not necessary that the instrument shall have actual legal efficacy, but it is suffi-

The State v. Johnson and Johnson.

**4. —— forgery of instrument wanting legal efficacy.** cient, that, if genuine, it might apparently have such efficacy, or serve as the foundation of a legal liability, and if it might be taken as legal proof, it would have such apparent efficacy. True it is, there can be no forgery if the paper is invalid on its face, for it can then have no legal tendency to effect a fraud. If its invalidity, however, is to be made out by extrinsic facts, it may be legally capable of effecting a fraud, and the party making the same be punished. *People* v. *Galloway*, 19 Wend. 540; *State* v. *Pierce*, *supra*, and authorities there cited. We make no doubt that the supervisors might dictate the nature of the certificate or evidence to be produced, when these scalps are counted and destroyed by a justice. Instead of receiving the certificate, they might require the production of other evidence, establishing the taking and killing. But suppose they provide that the magistrate's certificate shall be received as legal evidence of the counting, for a purpose material and contemplated by the law. Could, we ask, the forgery of a deposition or an affidavit, in any judicial proceeding, be more legally capable of affecting a fraud than the false making of this certificate? Certain it is, its invalidity does not appear upon its face, and this, as a rule, it must do, before defendant could avail himself of the defense or defect. Or if we state the rule thus, that the instrument, to be a matter of indictment, must appear on its face to be good and valid for the purpose for which it was created, defendant's case would fall equally within it. It is not as though of a form declared null by law, or as of a writing expressly made void. To falsely make such an instrument is not forgery. Here, however, is an instrument, which, if genuine, by the legitimate action of the proper authorities, would be received, and according to the averments of the indictment, was to be received as legal proof of a liability    It

was, therefore, clearly, legally capable of effecting a fraud. It only remains to say, that five other cases against these defendants, for forging and uttering as true, still other similar certificates, differing only in their dates and the number of scalps alleged to be counted and destroyed, have been submited upon the same arguments and involving the same questions above considered and determined. It follows that with this, they must stand

Affirmed.