## SHARLEY v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Forgery.*—An indictment for forgery alleged that the defendant, naming him, "on," etc., "at," etc., "did unlawfully, feloniously and falsely forge and counterfeit a certain promissory note for the payment of money, which forged and counterfeit note is as follows, to-wit;" here follows a copy of the entire note in words and figures, showing it to have been payable at and to a certain bank, named, "with intent to defraud" certain persons, naming them, "who were doing business under the firm name of", etc., naming such bank, "contrary," etc. *Held,* on motion to quash, that such indictment is good.

SAME.—*Evidence.*— *Variance.*—*Forgery.*—On the trial of the defendant on an indictment for the forgery of a promissory note, the plaintiff offered in evidence such note, which differed from the copy thereof in such indictment in that it lacked the words "and notice of protest" as set out in a,

clause of such copy reading "the drawers and endorsers severally waive presentment for payment, protest *and notice of protest* and non-payment of this note."

*Held*, that such variance was fatal and that such note was not admissible in evidence.

From the DeKalb Circuit Court.

*L. J. Blair*, for appellant.

*W. B. McConnell*, Prosecuting Attorney, for the State.

Perkins, J.—Indictment for forgery, consisting of two counts.

The first is as follows, omitting the title of the cause, etc.:

"The grand jurors for the county of DeKalb, in the State of Indiana, upon their oath present that David Sharley, on the 29th day of August, in the year eighteen hundred and seventy-six, at said county, unlawfully, feloniously and falsely did forge and counterfeit a certain promissory note for the payment of money, which said forged and counterfeit note is as follows, to-wit:

"'$200.00.         Waterloo, Indiana, August 29th, 1876.

"'Thirty days after date, we or either of us promise to pay to the order of the DeKalb Bank, two hundred dollars, with interest at ten per cent. per annum after maturity, the interest until maturity at that rate having been paid in advance, and ten per cent. attorney's fees, negotiable and payable at the DeKalb Bank, Waterloo, Indiana, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note, and all defences on the ground of any extension of the time of its payment, that may be given by the holder or holders to them or either of them:

"'Due ———.  No. ———. '        "'John Shirrey,
                                      "'John R. Walker,'

"with intent to defraud James I. Best and Charles A. O. McClellan, who were doing business under the firm name of DeKalb Bank, contrary to the form of the

statute in such cases made and provided, and against the peace and dignity of the state of Indiana." There was a second count for uttering and publishing as true, a certain other false, forged, etc., note, a copy of which is set forth, and which is literally like that on which the first count is predicated.

A motion to quash the indictment was overruled, and exception noted. The defendant then pleaded the general denial; a trial followed; verdict against the defendant; fixing as his punishment, a fine of twenty-five dollars and four years imprisonment in the state-prison. Motions for a new trial and in arrest of judgment were overruled, and judgment entered on the verdict.

On the trial, the state offered in evidence, as the note alleged and set forth by copy in both counts of the indictment to be the forged note, a note, of which the following is a copy:

" $200.00.        WATERLOO, INDIANA, August 29th, 1876.

" Thirty days after date, we or either of us promise to pay to the order of the DeKalb Bank, two hundred dollars, with interest at ten per cent. per annum after maturity, the interest until maturity at that rate having been paid in advance, and ten per cent. attorney's fees, negotiable and payable at the DeKalb Bank, Waterloo, Indiana, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and non-payment of this note, and all defences on the ground of any extension of the time of its payment, that may be given by the holder or holders to them or either of them.                        " JOHN SHIRREY.
" Due September 30. No. 648.    " JOHN R. WALKER."

To the admission of the note in evidence, the defendant objected on the ground that it was incompetent, irrelevant, etc., but the court overruled the objection, and permitted the note to go in evidence to the jury. Proper

exception was taken, and alleged errors are properly assigned.

The court did not err in overruling the motion to quash the indictment, and its imperfections, if it had any, were not such as were fatal under sec. 61, p. 386, 2 R. S. 1876.

The court did err, in admitting the note in evidence, because of a variance between it and the note set out in the indictment. In this case it was necessary that the instrument offered in evidence should correspond with that stated in the indictment. A mere literal variance, however, that is, where the omission or addition of a letter would not alter or change a word, so as to make it another word, would not be material. 1 Leach, 158; 1 Cowp. 229. Thus, the variance between Messes. and Messrs. would not be material. 2 Russ. Crimes, 9th Ed. 800; Bicknell's Crim. Prac. 366. See *Porter* v. *The State*, 15 Ind. 433, and cases cited.

But the note offered in evidence, and admitted over defendant's objection, did not correspond with that stated in the indictment. There was more than a literal variance. There was a verbal variance inconsistent with the identity of the two instruments, in this; the note set forth in the indictment, in what we will designate its waiver clause, reads thus : " the drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note."

This clause of the note admitted in evidence reads thus : " The drawers and indorsers severally waive presentment for payment, protest and non-payment of this note." It does not contain the words " and notice of protest," which are contained in the note stated in the indictment. For this error, the judgment must be reversed.

Reversed, and remanded for a new trial.