THE STATE, *Appellant*, v. BIBB.

1. **Indictment**: VARIANCE. An indictment charged the forgery of a receipt purporting to be the receipt of " Charles W. Jeffries ;" the receipt set out *in hæc verba*, was signed " C. W. Jeffries ;" *Held*, no variance.
2. **Forgery of Written Instrument**: " receipt." The term " receipt " used in an indictment imports a written instrument.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

Indictment for forgery. The indictment was in the following words :

STATE OF MISSOURI, }
County of Franklin, } ss.

In the circuit court of said county of Franklin, November term, 1875 :

The grand jurors of the State of Missouri, now here in court duly empanneled, charged and sworn to inquire within and for the county of Franklin aforesaid, upon their oath do present that William R. Bibb, late of the county of Franklin aforesaid, at and in the county of Franklin, and State of Missouri, on the 25th day of November, in the year of our Lord 1872, feloniously, falsely and fraudulently did make, forge and counterfeit a certain receipt, purporting to be the receipt of one Charles W. Jeffries, as administrator of one William D. Jeffries, deceased, which said forged receipt is as follows, to-wit:

"Franklin county, Missouri, November 25th, 1872. Received of William R. Bibb, former constable of Boles township, the sum of $193.70, being the amount in full of judgments and interest to date, in the following suits, judgment being rendered in the court of Julius Kahrmann, a justice of the peace of Boles township. William D. Jeffries' estate v. A. F. Stiles and Sam. Groff; William D. Jeffries' estate v. Jas. N. Hogan and D. S. Robertson; William D. Jeffries' estate v. Jas. H. Leathers and A.

Leathers; William D. Jeffries' estate v. Thomas Watson. The above being subject to Squire Kahrmann's books.

"C. W. JEFFRIES,

"Admr. of W. D. Jeffries' estate, deceased."

And that he, the said William R. Bibb, did then and there so falsely, fraudulently and feloniously make, forge and counterfeit the said forged receipt as aforesaid, with the intent to defraud, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

And the jurors aforesaid, upon their oath aforesaid, do further present that the said William R. Bibb, at and in the county and State aforesaid, on the 20th day of May, in the year of our Lord 1873, feloniously and knowingly, and with the intent to defraud, did utter and publish as true, a certain forged receipt, which last mentioned forged receipt is as follows, to-wit:

"Franklin county, Missouri, November 25th, 1872. Received of William R. Bibb, former constable of Boles township, the sum of $193.70, being the amount in full of judgments and interest to date, in the following suits, judgment being rendered in the court of Julius Kahrmann, a justice of the peace of Boles township. William D. Jeffries' estate v. A. F. Stiles and Sam. Groff; William D. Jeffries' estate v. Jas. N. Hogan and D. S. Robertson; William D. Jeffries's estate v. Jas. H. Leathers and A. Leathers; William D. Jeffries' estate v. Thomas Watson. The above being subject to Squire Kahrmann's books.

"C. W. JEFFRIES,

"Admr. of W. D. Jeffries' estate, deceased."

He the said William R. Bibb, at the time he so uttered and published said last mentioned forged receipt as aforesaid, then and there well knowing the same to be forged, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

The defendant demurred, assigning the following reasons:

1st. Because said indictment charged no offense known to the law.

2nd. Because it is not charged in said indictment that by the instrument alleged to have been forged, any pecuniary demand or obligation was purported to be transferred, created, increased, discharged or diminished, or that by said instrument any rights of property whatsoever were or purported to be transferred, conveyed, discharged, increased or in any manner affected.

3rd. Because the indictment contains neither the words nor the substance of the statute creating the offense.

4th. Because the indictment fails to show that the instrument alleged to have been forged, would or could have been of any value if genuine.

The court sustained the demurrer and rendered final judgment for defendant. The State appealed.

*J. L. Smith*, Attorney-General, for the State.

*John R. Martin* for respondent.

HENRY, J.—The first count of the indictment is based upon the 16th, and the second count upon the 21st section of the act in relation to crimes and punishments, Wag. Stat., pp. 470, 471.

The first count charges defendant with having forged and counterfeited a receipt purporting to be the receipt of Charles W. Jeffries, setting out *in hæc verba* the receipt, which purported to have been signed by C. W. Jeffries. There is no question of variance, as there might have been, if the receipt had not been fully set out in the indictment. The allegation that it purported to be the receipt of Charles W. Jeffries is substantially an allegation that C. W. and Charles W. Jeffries were the same person.

The 16th section provides that: " Every person who,

1. INDICTMENT: variance.

with intent to injure or defraud,shall falsely make,alter,forge 2. FORGERY OF or counterfeit any instrument or writing, WRITTEN INSTRU- MENT: "receipt." being, or purporting to be, the act of another, by which any pecuniary demand or obligation shall be, or purport to be, transferred, created, increased, discharged or diminished, &c., shall, on conviction," &c. The receipt in question purported to discharge a demand of Jeffries' estate against the defendant. It was not necessary to allege with any more particularity than it was alleged in the indictment, that the receipt was an instrument or writing. " There is no such thing as a verbal receipt, it is a solecism." *State v. Fenly,* 18 Mo. 445. The term " receipt " imports a written instrument. What has been said in regard to the first count answers all the objections to the second.

The demurrer to the indictment was improperly sustained, and all concurring, the judgment is reversed and the cause remanded.

REVERSED.