No. 9502.

## THE STATE *v.* PEASE.

CRIMINAL LAW.— *Forgery.* — *Evidence.*— *Indictment.* —*Variance.* — In a prosecution for the forgery of a national bank note, the copy of the note set out in the indictment contained the name "L. *W.* Chittenden, Register of the Treasury," while in the note offered in evidence the name appeared to be "L. *E.* Chittenden, Register of the Treasury."

*Held,* that such variance was material and fatal and the note inadmissible in evidence.

From the Huntington Circuit Court.

*D. P. Baldwin,* Attorney General, and *C. W. Watkins,* Prosecuting Attorney, for the State.

HOWK, C. J.—The appellee was indicted for forgery, in uttering and publishing as true and genuine, a certain "false forged and counterfeit national bank note, which false, forged and counterfeit national bank note is of the tenor following to wit : On face of same are written and printed." Then followed, what purported and was intended to be, a copy of the national bank note, so uttered and published as true and genuine. After setting out this copy of the note, the indictment further charged, that the note "has printed words and figures thereon, which by reason of the soiled condition of the note are too illegible to obtain sense therefrom so as to be set out herein."

On the trial of the cause, the State offered in evidence the alleged counterfeit note, but its admission was objected to by the appellee, on account of a variance between it and the copy of the note, set out in the indictment. The objection was sustained by the court, and the note was excluded from the jury ; and to this action of the court the State at the time excepted. Under the instructions of the court, the jury returned a verdict for the appellee, that he was not guilty as charged in the indictment ; and judgment was rendered accordingly.

By the record of this cause and the errors assigned thereon, the only question of law reserved for the decision of this court is this: Was the apparent variance, between the copy of the note set out in the indictment and the note offered in evidence, a material variance which rendered the note so offered incompetent and illegal evidence? The variance consisted in this: In the copy of the note set out in the indictment appeared the name, "L. *W.* Chittenden, Register of the Treasury;" while in the note offered in evidence the name appeared to be "L. *E.* Chittenden, Register of the Treasury." Was this variance material? Did the trial court err in excluding the note offered in evidence from the jury, solely on the ground of such variance? We are of the opinion that, under the decisions of this court, it must be held that the variance in question was a material variance, and that, therefore, the circuit court committed no error in excluding from the jury the offered evidence. The name of the register of the treasury is an essential part of a national bank note, just as much so as the denomination of the note; and a variance in such name is just as material and as fatal to the case, as would be a variance in the amount of the note, on which the indictment was predicated. In either case, the variance would be between the description of the note, on which the indictment was founded, and the note offered in evidence, and would be fatal. *Porter* v. *The State,* 15 Ind. 433, and cases cited; *Sharley* v. *The State,* 54 Ind. 168.

The appeal, in this case, is not sustained.