Myers *v.* The State.

No. 12,245.

## MYERS *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*Surplusage and Repugnancy.*—An indictment which is otherwise sufficient is not bad, under the statute, because of any surplusage or repugnant allegations which do not affect the substantial rights of the defendant upon the merits.

SAME.—*Forgery.*— *When Purport Clause Unnecessary.*—Where an indictment charges the forgery of " a certain order, purporting to have been made and executed by one Vincent T. West," and following this charge the order is set out *in hœc verba*, and according to its tenor it was signed "Dr. West," the purport clause will be regarded as surplusage, and disregarded.

SAME.—*Misspelled Word.*—Where an indictment charges the forgery of an order for goods and chattels, and the order, as set out, is for "$3.00 of *grociers*," the misspelling does not render the indictment bad.

From the Gibson Circuit Court.

*W. R. Skelton,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ZOLLARS, C. J.—The following portion of the indictment is as much as it is necessary to set out, to present the questions discussed by counsel, viz.: " 3d. And the grand jurors aforesaid * * * do further present and charge that one George Myers, late of said county, * * * did then and there feloniously, falsely, and fraudulently make, forge and counterfeit a certain order, purporting to have been made and executed by one Vincent T. West, for the payment of property, goods and chattels to him, the said George Myers, which said false, forged and counterfeit order is to the following tenor, to wit:

"'Mr. Roberts, please let Mr. Myers have $3.00 of grociers.                                                    DR. WEST.'

" That the Dr. West, mentioned in said order, was intended to and did mean Vincent T. West; that the Mr. Roberts, mentioned in said order, was intended to and did mean William F. Roberts; that the Mr. Myers, mentioned in said order, was intended to and did mean George Myers, the defendant;

* * * that the said George Myers forged said order as aforesaid, with intent then and there, and thereby, falsely, feloniously, and fraudulently to prejudice, damage and defraud the said Vincent T. West, contrary," etc.

One of appellant's contentions is that the purport of a written instrument is what it appears to be upon its face, and that as the order set out in the indictment, upon such an examination, does not purport to have been made by Vincent T. West, but by Dr. West, the indictment is bad for repugnancy. This contention is supported by the early English cases cited by counsel, but it is not maintainable under our statutes. It is provided in section 1755, R. S. 1881, that the indictment is sufficient if it can be understood therefrom: " Fifth. That the offence charged is stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case." It is further provided in section 1756, that " No indictment * * * shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceeding be stayed, arrested, or in any manner affected, for any of the following defects: * * * Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged. * * * Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

If it should be conceded that there is a repugnancy as claimed, it is clearly not available to appellant under these statutes. That is expressly provided against. The purpose of the statutes was and is to free the criminal practice from some of the technical rules of the common law which have outlived their usefulness, and which ought to have passed away with the necessities that brought them into being. Here, the written instrument charged to have been forged is set out in full, with the necessary averments as to who were intended by the names stated in the instrument. There is no defect in the particular contended for, that could, by any

possibility, affect the substantial rights of appellant upon the merits.

The written instrument being set out *in hæc verba*, the purport clause may well be regarded as surplusage, and disregarded, under the statutes above set out. In the case of *Fogg* v. *State*, 9 Yerger (Tenn.), 391, the court, quoting from BULLER, J., said: "Old cases have given rise to much learning and argument on the words 'purport' and 'tenor,' and the books are full of distinctions as to the meaning of these words, and the necessity of using the one or the other of them in indictments where written instruments are to be stated; but in the many cases upon this subject I can find no judicial determination that the purport and the tenor should both be stated in any case whatever. Purport means the substance of an instrument as it appears on the face of it to every eye that reads it, and tenor means an exact copy of it; and, therefore, where the instrument is stated according to its tenor, the purport of it must necessarily appear."

In the case of *State* v. *Bibb*, 68 Mo. 286, there was a charge of the forgery of a receipt, *"purporting"* to be the receipt of Charles W. Jeffries. The receipt was set out *in hæc verba*, and upon its face appeared to have been signed by C. W. Jeffries. The court said: "There is no question of variance, as there might have been, if the receipt had not been fully set out in the indictment. The allegation that it purported to be the receipt of Charles W. Jeffries is substantially an allegation that C. W. and Charles W. Jeffries were the same person."

In the case of *State* v. *Johnson*, 26 Iowa, 407, it was held that the copy of the written instrument need not to be prefaced by any technical words. This decision is instructive in other respects, as it is under statutes similar to ours. Mr. Bishop, in his work on Criminal Procedure, vol. 2, at section 413, says: " In the ordinary form of the indictment, we have seen, the recitation of the tenor of the instrument is preceded by its mention as 'purporting' to be a bond, * * *, or whatever else it appears on its face to be. This is termed the pur-

port clause. Now, in reason, the purport of recited words is matter, not of fact, but of law, not for the jury, but for the court, and on familiar principles it need not be alleged. Therefore it is believed that the purport clause in the indictment for forgery is never necessary." See, also, *Sharley* v. *State*, 54 Ind. 168; *State* v. *Gustin*, 2 Southard (N. J.), 749; *Harding* v. *State*, 54 Ind. 359.

Regarding, then, the purport clause as unnecessary, and, therefore, surplusage, the order being set out *in hœc verba*, the case is brought within the curative provisions of the statute. As will be observed, the charge in the indictment is that the order is for goods and chattels. The order, as set out, is for " $3.00 of grociers." It is contended by appellant that this is not the same as an order for groceries, and that hence the order is not for goods and chattels. Here is a misspelling of the word groceries, but that is not sufficient to render the indictment bad, especially under our statutes. 1 Bishop Crim. Proc., section 562; 2 Bishop Crim. Proc., sections 354, 357, 688, and cases there cited.

These are the only questions made in the case, and they are not well made.

The judgment is affirmed, with costs.

Filed April 24, 1885.