# CHARLESTON.

## STATE v. JARRELL.

Submitted February 10, 1914.   Decided March 31, 1914.

FORGERY—*Evidence—Variance.*

  While, in an indictment for forgery, it is unnecessary to set forth,
  in haec verba, the forged instrument, yet, if this is done, and there
  is a material variance between the copy so set out and secondary
  evidence offered to prove the contents of the paper, admitted on
  proof of its loss, the trial court should sustain a motion to exclude
  the evidence from the consideration of the jury.

Error to Circuit Court, Boone County.

Benjamin Jarrell was convicted of forgery, and brings error.

*Reversed, and New Trial Granted.*

*L. Fulton* and *Leftwich, Byrnside & Shaffer,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison, Frank Lively* and *J. E. Brown,* Assistant Attorneys General, for the State.

POFFENBARGER, JUDGE:

The indictment charges that Jarrell forged, uttered and attempted to employ as true with intent to defraud, an order which it avers to have been in the words and figures following: "G. B. Hensley, Express Agent, Madison, W. Va. Please deliver my express package to Benjamin Jarrell and oblige. Oscar Coon," and charges the package was of the value of $3.00. On it, he was convicted and sentenced to confinement in the Penitentiary of the State for a period of two years.

Failure of proof of the tenor of the order as alleged is the principal ground of the complaint on the writ of error. That the accused signed Coon's name to some kind of an order upon which he obtained, from an express company agent at Madison, a package consigned to Coon and containing a gallon of whiskey in quart bottles, is fully established; and, had the purport and not the tenor of the order been averred in the indictment, the evidence as to the character of the order would have been amply sufficient. Section 6 of chap. 158 of the

Code, has simplified the procedure in prosecutions for forgery by dispensing with the necessity of allegation and proof of the exact words of the instrument forged, uttered or employed as true and permitting conviction upon allegation and proof of its purport and effect. But, when the State elects to aver the tenor of the instrument, its right to have adopted the other method does not relieve it from duty to prove what it has alleged. Under a well settled rule, a party whose pleading descends to unnecessary particularity must nevertheless sustain it by proof. *State* v. *Fleshman,* 40 W. Va. 726; *State* v. *Smith,* 31 Mo. 120 121; *Bennett* v. *State,* 62 Ark. 516; *Brown* v. *People,* 66 Ill. 344; *Sharley* v. *State,* 54 Ind. 168; *State* v. *Pease,* 74 Ind. 263; 13 Ency. of Ev., p. 724; 19 Cyc. 1412; Bish. New Crim. Pro., vol 3, sec. 434. Thus an indictment for forgery, setting forth the instrument by its tenor, makes every word averred as a part of it material and calls for proof thereof. See the authorities just cited.

Loss of the order alleged to have been forged authorized proof of its contents. *Foulkes* -. *Co.,* 2 Rob. (Va.) 836; *Pendleton* v. *Com.,* 4 Leigh 694; *Cocke* v. *Com.,* 13 Gratt. 750. These authorities are relied upon by the State for relief from the strict rule of proof to which reference has been made; but, dealing only with the question of admissibility of secondary evidence, they are not inconsistent with the authorities requiring strict proof of tenor, when alleged, and the State's invocation of the liberal rule applicable, when the purport and effect only are averred, is not sustained by them.

Hensley, the express agent, the only witness that endeavored to state the contents of the lost order, said he did not remember its exact terms. He was unable to say whether it was addressed to the "Express Agent" or to "G. B. Hensley, Agent." The indictment avers it to have been addressed to "G. B. Hensley, Express Agent." His recollection was that it read: "Please deliver to Benjamin Jarrell my package, and oblige." The indictment avers it to have called for an "express package." In conclusion on this phase of the case, he said he could not swear the order read exactly as he had quoted it, for he did not know whether it did or not, as he had quoted it from his recollection of the form of order gen-

erally used for the purpose for which the one in question had been employed.

In this evidence, two distinct and fatal defects are found. The witness says frankly he does not remember the contents of the order. What he says, respecting its terms, is mere matter of inference, based upon his knowledge of the character of instruments generally used for the purpose. This would have sufficed to prove the purport of the order, had it been alleged, without an attempt to give its terms; but it is manifestly uncertain and indefinite as regards the particular words of the instrument. In the second place, the witness admits his inability to say whether it contained certain words averred by the indictment to have been contained in it. As to them, there is no proof at all, and, as to the residue, the evidence is insufficient for uncertainty and indefiniteness. In *State* v. *Pease,* cited, a variance in the spelling of the name signed to the note from that averred in the indictment was held to be fatal. In the indictment it was ''Otha Carr'' and in the note ''Oatha Carr.'' In *Sharley* v. *State,* cited, the note offered in evidence differed from the copy only in this, that it contained the words ''and notice of protest,'' and the copy did not. In *U. S.* v. *Briton,* 2 Mason 467, this rule was declared and applied: ''If there be any material variance or defect in the proof, the prisoner is entitled to a verdict.''

A motion to exclude the evidence for the State, which the court overruled, saves the defendant the benefit of the variance disclosed by this analysis of the evidence in the light of the well settled rule invoked.

Lack of proof of the value of the package is relied upon as ground for reversal, but it is manifestly unavailing, for it had some value of which the jury could take notice as a matter of common knowledge.

For the error in refusing to exclude the State's evidence, the judgment will be reversed, the verdict set aside and a new trial awarded.

*Reversed, and New Trial Granted.*