ADAMS *v.* THE STATE.

Where the record does not affirmatively show the return of an indictment by the grand jury into open Court, a motion in arrest of judgment should be sustained.

*Friday, December 10.*

APPEAL from the *Sullivan* Circuit Court.

HANNA, J.—*Adams* was tried at the *August* term, 1858, and convicted of the crime of grand larceny. Motions for a new trial, and in arrest, were overruled.

The motion in arrest of judgment should have been sustained. The record is clearly defective. It is insufficient in this, that it does not show the return of an indictment into open Court by the grand jury, as required by the statute.

Nov. Term,
1858.

ADAMS
v.
THE STATE.

Article 3, 2 R. S. p. 363, is in reference to the impannel-ing of a grand jury, and to the powers and duties thereof. The 16th section is, that "Each juror must take the usual oath. The Court must plainly instruct them as to their duty. An indictment may be found by any nine. It must be indorsed by the foreman: 'A true bill.—A. B., fore-man,'—returned into open Court, and filed by the clerk."

This section could scarcely be construed in any other way than to make it the duty of the grand jury, as a body, to bring the bill into Court; and such had been the prac-tice before the adoption of the statute. But if any doubt could exist as to the proper construction, the next section removes it, for it provides that "Each indictment must be signed by the prosecuting attorney, and when the grand jury return any indictment into Court," &c. The statute then provides that the judge shall examine it, and if the foreman has failed to indorse, or the prosecutor to sign it, the Court shall cause the same to be done in the presence of the jury.

Statutes for the protection of the life and liberty of citi-zens, should be strictly construed in favor of their inestima-ble rights. Such a construction of this statute would, with-out doubt, require the return of an indictment by the jury into open Court. The reasons therefor, are somewhat developed in the statute—that it may be examined by the judge—that the amount of bail may be fixed by the Court before adjournment—that an order may be entered, if ne-cessary, requiring the immediate arrest of the accused, &c.

As the necessity of a return of the indictment into open Court is thus apparent, the next question is, whether, under the circumstances of this case, the presumption ought to be indulged that the return had been made in the manner required. There was an indorsement on the indict-ment, by the clerk, of the date of the finding thereof. It was found among the records of the Court. The defend-ant was arraigned, and pleaded and was tried, without hav-ing objected to the record. Nevertheless, presumptions ought not, ordinarily, to be indulged against a person ac-

<div style="margin-left:auto">Nov. Term, 1858.</div>

START
v.
THE STATE.

cused of crime. The presumption of innocence clings to a man, to a greater or less degree, throughout his whole trial, but may be gradually weakened by the proceedings and evidence in the case, as it legally progresses, step by step, in regular order. Among the first steps that could legally be taken against the accused, was the finding of an indictment, as provided by law. He could not have been placed upon his trial without the presentation, by the proper tribunal, of this written accusation. It was the foundation upon which rested all subsequent proceedings, and, therefore, the record should show affirmatively—not leave it to be presumed—that the indictment had been properly preferred against the defendant. The record failing to show this, the presumption of innocence will not permit the supposition that this important step in the proceedings was properly taken, but not entered on the record. *Roiney* v. *The People*, 3 Gilm. 71.— *Gardner* v. *The People*, 3 Scam. 83.— *McKinney* v. *The People*, 2 Gilm. 540.—4 Blacks. Comm. 366.—Whart. Am. Cr. Law, 3d ed., p. 237.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. P. Usher*, for the appellant.