BEARD v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Endorsement on.*—*Motion to Quash.*—*Record on Change of Venue.*—The fact that the record of a criminal cause, on a change of venue to another county, fails to show that the indictment therein had been endorsed "a true bill," over the signature of the foreman of the grand jury, is not ground for a motion to quash.

SAME.—*Supreme Court.*—Where, in such case, on appeal to the Supreme Court, the record shows such indictment to have been endorsed "a true bill," over the signature of the grand juror whom the record shows to have been the foreman of the grand jury which found and returned such indictment, it is sufficient.

SAME.—*Motion to Dismiss Action.*—*Bill of Exceptions.*—*Practice.*—No question in relation to the action of a court, on a motion to dismiss a criminal cause, is presented to the Supreme Court, on appeal, when neither such motion, the action of the court thereon, nor any exception to such action, is made part of the record by a proper bill of exceptions.

From the Vanderburgh Criminal Circuit Court.

*H. C. Pitcher*, for appellant.

*R. V. Hodson* and *J. Brownlee*, Prosecuting Attorneys, and *C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—At the October term, 1876, of the Posey

Circuit Court, the appellant and one Parish Huff were jointly indicted, by the grand jury of said court and term.

The indictment was in two counts; the first charging the defendants with burglary, and the second charging them with grand larceny.

To this indictment the appellant, upon arraignment, entered a plea of not guilty, and, on his application, the venue of the case was changed to the court below.

It appears from the record, that, on the 15th day of November, 1876, there were filed in the court below the original indictment in this cause, and a certified transcript from the Posey Circuit Court, containing only the proceedings in the cause in open court, showing the appellant's arraignment and plea, his application for a change of venue, and the order of said court granting such change of venue to the court below. Afterward, and before any action was had in this case in the court below, on the 23d day of November, 1876, there was filed therein another certified transcript from the Posey Circuit Court, containing not only the proceedings in this case, as set forth in the first transcript, but also the preliminary proceedings of said court, in empanelling a grand jury for its October term, 1876, and the return to said court, by its said grand jury, of the said indictment against the appellant and his said codefendant.

At the December term, 1876, of the court below, the appellant withdrew his plea of not guilty, and moved the court to quash the indictment, which motion was overruled, and to this decision the appellant excepted. And the appellant then moved the court below to dismiss the proceedings in this cause, and to discharge him from the custody of the sheriff, which motion was also overruled, and the appellant excepted to this decision. The appellant then reentered his plea of not guilty, and the issues joined were tried by a jury in the court below, and a verdict was returned, finding the appellant guilty of burglary as charged, and assessing his punishment at a fine of forty

dollars, and imprisonment in the state-prison for the term of two years. And, over appellant's motion for a new trial and exception saved, judgment was rendered upon the verdict by the court below.

In this court, the appellant has assigned the following alleged errors of the court below:

1st. In overruling the appellant's motion to quash the indictment;

2d. In overruling the appellant's motion to dismiss the proceedings and to discharge him from the sheriff's custody; and,

3d. In rendering judgment against the appellant.

In discussing the first of these alleged errors, the appellant's attorney says: "The motion to quash should have been sustained. The transcript failed to show that the indictment was endorsed by the foreman of the grand jury ' *a true bill.*'" If it were true, that the record of this cause failed to show that the indictment was properly indorsed "a true bill," over the signature of the foreman of the grand jury, we do not think that this defect is one which could be reached by a motion to quash the indictment. It is not claimed in this case, that the indictment was not, in fact, properly endorsed by the foreman of the grand jury; but it is claimed that the certified transcript from the Posey Circuit Court failed to show any such endorsement. The original indictment, with all its endorsements, was a necessary part of the record, on appeal to this court; and it appears therefrom, that the indictment in this case was properly endorsed "a true bill," over the signature of the person whom the certified transcript from the Posey Circuit Court showed to have been the foreman of its grand jury, when said indictment was returned into said court. This was held to be sufficient by this court, in the case of *Willey* v. *The State*, 46 Ind. 363, and we adhere to that decision. In the case cited, it was also held, that "a motion to quash an indictment must, as a general rule, be predicated upon objections

apparent upon the face of the indictment." 2 R. S. 1876, p. 399, sec. 101; and *Bell* v. *The State*, 42 Ind. 335, and authorities there cited. It is manifest, that appellant's objection to the indictment, in this case, was not apparent, either on the face or on the back of said indictment. And, therefore, we hold that no error was committed by the court below, in overruling the appellant's motion to quash said indictment.

Appellant's motion to dismiss the proceedings in this cause, and for his discharge from the custody of the sheriff, the decision of the court below thereon, and appellant's exception to such decision, were not made a part of the record by a proper bill of exceptions. The second alleged error, complained of by appellant, is not apparent, therefore, in the record of this cause, and no question is thereby presented for our consideration.

In our opinion, the record of this cause fails to disclose any good or sufficient reason for the reversal of the judgment of the court below.

The judgment is therefore affirmed, at the costs of the appellant.