## BLACK v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Certainty.*—*Name.*—*Assault with Intent.*—An indictment charged the defendant with having committed an assault and battery, with intent to commit a rape, upon a certain woman, alleging her surname in one place to be McKaskey, in another as McKlaskey, and finally as McKloskey.

*Held*, that the indictment is insufficient.

SAME. -- *Evidence.*— *Variance.*—On the trial of the defendant on such indictment, the name of the person assaulted was shown by the evidence to be McCoskey.

*Held*, that a conviction of the defendant was erroneous.

From the Clay Circuit Court.

S. W. *Curtis*, for appellant.

C A *Buskirk*, Attorney General, for the State.

HOWK, J.—At the May term, 1875, of the court below, the appellant was indicted for an alleged assault and battery, with intent to commit a felony. Omitting the venue, the style of the court, and the signature of the prosecuting attorney, the indictment reads as follows:

" The grand jurors of Clay county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to inquire into felonies and certain misdemeanors, in and for the body of said county of Clay, in the name and by the authority of the State of Indiana, on their oaths present, that one John Black, late of said county, on the 3d day of August, A. D. 1874, at said county and State aforesaid, did then and there unlawfully, in and upon one Delana C. McKaskey, a woman, unlawfully, forcibly and feloniously, make an assault on her, the said Delana C. McKlaskey, did then and there unlawfully, forcibly, feloniously, and in a rude, insolent and angry manner, touch, beat, strike and wound, with the intent to then and there and thereby her, the said Delana C. McKloskey, unlawfully, forcibly, feloniously and against her will, to ravish and carnally know, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

At the May term, 1876, of the court below, the appellant appeared, in person and by counsel, and moved the court to quash said indictment, which motion was overruled, and to this decision the appellant excepted. And, having been arraigned on said indictment, for plea thereto, the appellant said, that he was not guilty as therein charged. The issues thus joined were tried by a jury in the court below, and a verdict was returned, finding the appellant guilty as charged in the indictment, and assessing his punishment at three years' imprisonment in the state-prison, and a fine in the sum of ten dollars. Appellant's motion for a new trial, on written causes therefor, was overruled by the court below, and his exception saved to

such decision; and judgment was then rendered on the verdict.

The appellant has assigned in this court the following alleged errors of the court below:

1st. In overruling his motion to quash the indictment; and,

2d. In overruling his motion for a new trial.

The first of these alleged errors presents for our consideration the sufficiency of the indictment against the appellant in this case. It is provided in the 54th section of our criminal code, that "The indictment or information must contain: * * * * * *

"Second. A statement of the facts constituting the offence, in plain and concise language, without repetition." 2 R. S. 1876, p. 383.

The 55th section of the criminal code reads as follows: "The indictment or information must be direct and certain, as it regards the party, and the offence charged." 2 R. S. 1876, p. 384.

"The prosecutor or party injured, or any other person named in the indictment, if known, must be described with certainty; if an individual, he must be described by his christian and surname; if a corporation, by their name of incorporation." 1 Archb. Crim. Pr. & Pl., 8th ed., p. 245.

The object of setting out the name of the injured party is, to identify and give certainty to the particular fact or transaction on which the indictment is predicated.

The point is made in the case at bar, that the name of the party injured is not "described with certainty," in the indictment against the appellant. It seems to us, that this point is well taken. The indictment in this case charged the appellant with an assault on Delana C. McKaskey, a woman, with intent to ravish and carnally know Delana C. McKloskey, whose sex is not mentioned. The names, McKaskey and McKloskey, are certainly not *idem sonans*. In the case of *Ward* v. *The State*, 28 Ala.

53, the "true rule" on this subject was said to be, "that if the names may be sounded alike, without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial." But, in this case, it is impossible to give the two names, found in the indictment against the appellant, the same sound, without ignoring entirely the force and effect of two of the letters in the latter name. It is impossible to tell, from the indictment, with any degree of certainty, the true name of the injured party. And therefore we hold, that this indictment is not "direct and certain, as it regards * * * the offence charged," as our criminal code requires that it must be.

For the reasons given, in our opinion, the court below erred, in overruling the appellant's motion to quash the indictment.

The conclusion we have reached, in regard to the indictment, renders it unnecessary for us to consider and decide any other question, involved in this cause. It will not be improper for us to say, however, that the evidence on the trial of this cause, which is properly in the record, gives the injured party the name of Delana C. McCoskey, which name is at variance with each and all the names given in the indictment. Without going into any detailed examination of the questions presented by the second alleged error, we say generally, in conclusion, that, in our opinion, the court below erred, in overruling the appellant's motion for a new trial of this cause.

The judgment of the court below is reversed, and the cause remanded, with instructions to the court to sustain the appellant's motion to quash the indictment; and the clerk of this court will notify the warden of the state-prison to return the appellant to the custody of the sheriff of Clay county.