## ABBOTT *v.* THE STATE.

CRIMINAL LAW.—*Forgery.*—*Evidence.*—The uttering of a written paper, purporting on its face to be an order, signed "elirere lowtrheiser," as a general order of Ezra Loutzenheiser, could not be forgery. Such a paper could not be construed to bind Ezra Loutzenheiser on its face, and parol evidence would be inadmissible to show that said words, purporting to be a signature, were intended for the name of Ezra Loutzenheiser.

SAME.—*Indictment.*—*Obtaining Goods by False Pretence.*—An indictment charging the defendant with obtaining goods from another by false pretence, upon such a writing, falsely represented by the defendant to be an order of Ezra Loutzenheiser, must state that the goods were obtained by the defendant from the person alleged designedly, by means of the writing and the representation of the defendant, that it was the true and genuine order of Ezra Loutzenheiser.

From the DeKalb Circuit Court.

*L. J. Blair*, for appellant.

*C. A. Buskirk*, Attorney General, and *H. C. Peterson*, for the State.

WORDEN, J.—The appellant was indicted in the court below for forgery.

The indictment contained three counts.

Motion to quash each count; sustained as to the first, and overruled as to the second and third, and exception.

The third count, on which alone the appellant was convicted, was as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present, that the said Lewis Abbott afterward, to wit, on said 15th day of September, 1877, at the county of De Kalb, and State of Indiana, did unlawfully and feloniously utter and publish as true a certain other false, forged and counterfeit order and instrument in writing for the payment of money and delivery of personal property, which last mentioned forged, false and counterfeit order and instrument in writing is as follows, to wit:

"'September 15, 1877.

"'J. Kohn, plese let the bearer of this note hav to the amount of eight dollars, and oblig,

"'ELIRERE LOWTRHEISER.'

"That on the said 15th day of September, 1877, one Jacob Kahn was, and still is, a merchant, engaged in the sale of a general stock of merchandise, in the town of Waterloo, in said county, and that one Ezra Loutzenheiser was then and there one of his patrons and customers, and was then and there accustomed to buy goods of said Jacob Kahn, all of which was then and there well known to said Lewis Abbott; and that said Lewis Abbott did then and there present and deliver to said Jacob Kahn the said false, forged and counterfeit order and instrument in writing, and did then and there represent and state to said Jacob Kahn, that the same was the true and genuine order of said Ezra Loutzenheiser, and did then and there utter and publish as true the said false, forged and counterfeit order and instrument in writing, to said Jacob Kahn, and did then and there and thereupon receive from the said Jacob Kahn one pair of pants of the value of four dollars, one vest of the value of two dollars, and one hat of the value of two dollars, of the goods and chattels of the said Jacob Kahn; he, the said Lewis Abbott, then and there well knowing the said order and instrument in writing to be false, forged and counterfeit, with the intent to cheat and defraud the said Jacob Kahn, contrary," etc.

Taking the count in its main scope and features, it would seem that the pleader intended to charge the crime of forgery, and not that of obtaining goods by means of false pretences. But if it could be regarded as based upon the statute defining and punishing the latter mentioned offence, it would seem to be defective in not alleging that the goods were obtained by the appellant from Kahn designedly, by means of the writing and the representation alleged to have been made by the appellant, that it was the true and genuine order of Ezra Loutzen-

heiser.   It is alleged that the appellant received "thereupon," that is, upon the order, the goods named; but it is not alleged that he obtained them by means of the representation.   If, therefore, the count can be sustained, it must be on the ground that it contains a valid charge of forgery.

The paper alleged to have been forged does not purport to have been signed by Ezra Loutzenheiser.   It does not contain his Christian or sur-name, written either initially or fully; nor can the characters used as a name be construed so as to constitute his name.

The appellant, by uttering the paper as a genuine order of Ezra Loutzenheiser, can not have committed forgery, inasmuch as it could not be construed, by any means, on its face, to bind Loutzenheiser. *Reed* v. *The State,* 28 Ind. 396.

If it might be shown by parol evidence, that the closing words of the paper were intended for the name of Ezra Loutzenheiser, and thereby make the uttering of the paper a forgery, then it might be shown that any mark or scrawl was intended for any proper name; and, indeed, passing from the name to the body or contents of the paper, it might be shown that any unintelligible marks were intended to embody some legal document, and, finally, forgery might be made out by parol evidence, without the production of any writing that could be read or understood.

If the appellant, by means of the paper and his false representation, that it was a true and genuine order from Ezra Loutzenheiser, obtained goods from Kahn designedly, and with intent to defraud him, he might be guilty of the offence defined in the 27th section of the criminal code, but he was not, in our opinion, guilty of forgery.

The judgment below is reversed, and the cause remanded, with instructions to the court below to quash the third count in the indictment.

The clerk will give the proper notice for the return of the prisoner.