## MITCHELL *v.* THE STATE.

CRIMINAL LAW.—*Returning Indictment into Court.*—*Arrest of Judgment.*— *Motion to Quash.*—Where the record does not show that the indictment has been duly returned into open court, a motion to quash or in arrest of judgment should be sustained.

SAME.—*Liquor Law.*—*Name.*—*Idem Sonans.*—Proof of an unlawful sale of intoxicating liquor to one " Hairholts" does not sustain the allegation of an unlawful sale to one " Hairholser."

From the Huntington Circuit Court.

*L. P. Milligan, A. Moore, J. T. Alexander* and —— *Hatfield,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

PERKINS, J.—We copy the following from the transcript of the record filed in this cause :

" Be it remembered, that heretofore, to wit, on the 21st day of March, 1878, the grand jurors of Huntington county returned the following indictment, to wit:

" State of Indiana, Huntington county, ss.    Huntington Circuit Court, March term, A. D. 1878.

" State of Indiana v. James Mitchell.

" Indictment for selling liquor less than a quart.

" The grand jury of Huntington county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged and sworn to enquire into felonies and certain misdemeanors, in and for the body of said county of Huntington, in the name and by the authority of the State of Indiana, on their oath present, that one James Mitchell, late of said county, on the 25th day of March, 1877, at said county and State aforesaid, did then and there unlawfully sell a less quantity of intoxicating liquor than a quart at a time, to wit, one gill, to one John Hairholser, at and for the price of ten cents.    He, the said James Mitchell, not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time, under the existing laws of the State of Indiana; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

" ASBURY E. STEELE, Prosecuting Attorney."
Indorsed :   " A true bill.

" CLINTON C. ELLIS, Foreman.
" Witness: JOHN HAIRHOLSER."

A motion to quash was overruled, and exception reserved.

Plea, not guilty; trial and conviction by jury.

Motion for a new trial denied, as was also a motion in arrest.   Judgment on the verdict.

There was testimony on the trial, tending to show a sale of a glass of liquor to John Hairholts.   But there was no evidence that Hairholts, who purchased the liquor, was Hairholser, named in the indictment.

It is claimed:

1.  That the record does not show that the indictment upon which the trial was had was returned into open court, as required by section 16 of the criminal code of pleading and practice, 2 R. S. 1876, p. 375 ;

2.  That there was a variance between the indictment and the proof.

We doubt if Hairholser and Hairholts are *idem sonans.* See *Black* v. *The State*, 57 Ind. 109.

If *Adams* v. *The State*, 11 Ind. 304, is adhered to as law, the motion to quash should have been sustained, or the judgment should have been arrested.   That case does not appear to have been overruled upon the point to be mentioned, but, on the other hand, to have been approved; that point is, that the indictment is not shown to have been returned into open court.   For aught that appears in the record, the indictment may have been returned during a recess in the sitting of the court, handed to the clerk and filed by him, without having been received and inspected by the court.   See *Yundt* v. *The People*, 65 Ill. 372; *Green* v. *The State*, 19 Ark. 178.

The judgment is reversed, and the cause remanded, etc.