## CLARE v. THE STATE.

SUPREME COURT.—*Record.—Evidence.—New Trial.—Newly-Discovered Evidence.*—Where the evidence is not in the record, the Supreme Court can not review the overruling of a motion for a new trial, which alleges, as grounds, newly-discovered evidence, and that the verdict is contrary to the law and the evidence.

CRIMINAL LAW.—*Record.— Indictment.*—An indictment and all its endorsements constitute a part of the record, in a criminal prosecution.

SAME.—*Return of Indictment.—Grand Jury.*—The record in a criminal prosecution showed that on a certain juridical day of a certain term of the court below, before the judge of that court, the grand jury presented and filed, as true bills, certain indictments by their numbers, followed by copies of the same; and that the clerk had endorsed upon the indictments the words " Filed in open court," etc., with the date.

*Held*, that the record shows that the indictments were "duly returned into open court, and filed by the clerk."

SAME —*Arraignment.—Reading Indictment to Defendant.*—When the record shows the arraignment and plea of the defendant, it necessarily shows that the indictment was read to him.

SAME.—*Attempted Amendment of Repealed Statute.—Statute Construed.— Title.—Constitutional Law.—Jurisdiction.— Judge.—Circuit Courts Act.*— Section 74, Acts 1873, p. 95, of the act of March 6th, 1873, dividing " the State into circuits for judicial purposes," etc., specified the times at which the courts should be held in the different counties constituting the 35th judicial circuit, created by section 36 of that act. Section 74 was expressly repealed by the act of March 3d, 1875, Acts 1875, Reg. Sess., p. 47. On the 21st day of March, 1879, Acts 1879, p. 118, an act was duly approved, entitled " An act to amend section 74 of " the said act of March 6th, 1873, *supra :* " to create the 40th judicial circuit ; to provide for the appoint-. ment of a judge and prosecuting attorney therefor," etc. The 1st section of this act, purporting to amend said section 74, created the 40th judicial circuit out of part of the counties then constituting said 35th circuit ; and the succeeding sections fixed the times of holding court in the several counties of the 40th circuit, provided for the appointment of a judge and. prosecuting attorney, etc.

*Held*, that, from the evident intent of the last mentioned act, it was not in-. tended as an amendment of said section 74, but as an amendment of said section 36. and, therefore, that it is valid. Also, as a consequence, that a judge appointed for such circuit, under the provisions of such act, had. authority to sit and act as such.

VOL. LXVIII.—2

From the DeKalb Circuit Court.

*W. L. Penfield* and *C. E. Emanuel*, for appellant.

*T. W. Woollen*, Attorney General, and *G. B. Adams*, Prosecuting Attorney, for the State.

HOWK, C. J.—The indictment against the appellant, in this case, contained two counts. In the first count, the appellant was charged with the offence of being a "housebreaker," as the same is defined in section 3 of "An act defining burglary, burglarious trespass and house-breaking," etc., approved March 29th, 1879. Acts 1879, pp. 81 and 82. In the second count, he was charged with the crime of grand larceny. Upon arraignment on said indictment, the appellant's plea thereto was that he was not guilty as therein charged.

The cause was tried by a jury, and a verdict was returned, finding the appellant guilty as charged in the second count of the indictment, and assessing his punishment at a fine in the sum of two hundred dollars, imprisonment in the state-prison for the term of seven years, and disfranchisement and incapacity of holding any office of trust or profit for the period of ten years. The appellant's motions for a new trial and in arrest of judgment, in the order named, were severally overruled by the court, and to each of these rulings he excepted. Judgment was then rendered against the appellant, upon and in accordance with the verdict, from which judgment this appeal is prosecuted.

The following alleged errors have been assigned by the appellant in this court:

1. The court below erred in overruling his motion for a new trial;

2. The court erred in overruling his motion in arrest of judgment;

3. The record does not show that the indictment was duly returned into open court;

4. The second count of the indictment does not state facts sufficient to show that appellant was guilty of, or had committed, an offence against the laws of this State; and,

5. The record does not show that the indictment was read to appellant.

We will consider and decide the several questions arising under these alleged errors, in the order of their assignment.

1. In his motion for a new trial, the appellant assigned the following causes therefor:

1. That the verdict of the jury was contrary to law;

2. That the verdict was contrary to the evidence; and,

3. That, since the verdict had been returned, the appellant had discovered new, competent and material evidence for him, which he could not with reasonable diligence have discovered and produced on the trial, as appeared by certain affidavits therewith filed.

In considering these causes for a new trial, it may be premised that the evidence adduced on the trial, and upon which the jury found that the appellant was guilty as charged in the second count of the indictment, is not contained in, nor made part of, the record of this cause, procured and filed by him in this court, on this appeal. In the absence of this evidence, we are unable to see how this court can possibly determine, that the verdict of the jury in this case was either contrary to law or contrary to the evidence, if either were the fact. If the evidence on the trial was such as to authorize a verdict of guilty against the appellant, as we are bound to assume that it was, in the absence of the evidence, then it is certain that the verdict of the jury was not contrary to law, because it was in strict accordance with the provisions of section 19 of the felony act of June 10th, 1852, as amended by

an act approved March 3d, 1877.   Acts 1877, Reg. Sess., p. 63.

So, also, in regard to the third cause for a new trial, namely, newly-discovered evidence, it would be clearly impossible for this court, in the absence from the record of the evidence introduced on the trial, to determine whether or not the newly-discovered evidence was of such a character as would have entitled the appellant, by reason thereof, to a new trial of the cause. For the newly-discovered evidence might have been merely cumulative of the evidence introduced on the trial; and, in this State, it may be regarded as settled law, that newly-discovered evidence which is merely cumulative will not constitute a good cause for a new trial. *Zouker* v. *Wiest*, 42 Ind. 169; *Shigley* v. *Snyder*, 45 Ind. 543; and *Winsett* v. *The State*, 57 Ind. 26.

In this case, therefore, the record now before us wholly fails to show that the court erred in overruling the appellant's motion for a new trial, for any of the causes assigned therein; and in such a case we are bound to assume, as it seems to us, that the court did not err in such decision. All the presumptions are in favor of the correctness of the decisions of the court below; and where a party claims in this court, that any of those decisions are erroneous, he must so save and present the alleged erroneous decision in the record, as to exclude every reasonable presumption in favor of such decision. *Myers* v. *Murphy*, 60 Ind. 282.

2. In criminal causes, it is provided in section 144 of the criminal code of this State, that a motion in arrest of judgment "may be granted by the court for either of the following causes:

"*First.* That the grand jury who found the indictment had no legal authority to inquire into the offence charged, by reason of it not being within the jurisdiction of the court.

" *Second.* That the facts stated do not constitute a public offence." 2 R. S. 1876, p. 409.

Neither of these causes for an arrest of judgment is shown by the record to have existed in this case, and therefore, we think, the court committed no error in overruling the appellant's motion in arrest of judgment. The second count of the indictment, which is the only count before this court, was clearly sufficient, we think, to withstand the appellant's motion in arrest.

3. In section 16 of the criminal code of this State, it is provided, among other things, that an indictment must be "returned into open court, and filed by the clerk." 2 R. S. 1876, p. 375. In the case of *Adams* v. *The State*, 11 Ind. 304, it was held by this court, in construing this provision of the criminal code, that, where the record does not affirmatively show the return of an indictment by the grand jury into open court, a motion in arrest of judgment should be sustained. The case cited was, however, squarely overruled by this court, in the case of *Wall* v. *The State*, 23 Ind. 150, as not " resting on any solid foundation;" but it has since been cited, with apparent approval, in the cases of *Heacock* v. *The State*, 42 Ind. 393, and of *Mitchell* v. *The State*, 63 Ind. 276. It seems to us that this question is not presented by the record in the case now before us. The record shows very clearly, we think, that the indictment against the appellant, in this case, was " returned into open court, and filed by the clerk." . In the record, the following proceedings, *inter alia*, are set out:

"And afterward, on the 4th day of October, 1879, the same being the sixth juridical day of said term of said court, and before the honorable judge aforesaid, the following other proceedings were had :

" Come now said grand jury and present and file, as true bills, the following indictments: * * * * No. 7, for house-breaking and grand larceny, as follows :" Then

follows a copy of the indictment against the appellant in this case, and of the endorsements thereon, among which was the following, signed by the clerk of the court: "Filed in open court, October 4th, A. D. 1879."

In the case of *Beard* v. *The State*, 57 Ind. 8, it was held by this court, and we think correctly so, that the original indictment and all its endorsements constituted a necessary part of a record, in a criminal cause, and that whatever may be shown, and is required to be shown, by these endorsements, must be considered by this court as shown by the record. It seems to us, therefore, it may be correctly said, that the record of this cause clearly shows, that the indictment against the appellant was, in the language of the statute, "returned into open court, and filed by the clerk."

4. We have already said, in considering the second alleged error, that, in our opinion, the second count of the indictment against the appellant in this case was clearly sufficient to withstand his motion in arrest of judgment. In the fourth alleged error the appellant has again presented, in another form, the question of the sufficiency of the facts stated in the second count of the indictment, to show that he was guilty of, or had committed, any offence against the laws of this State. The appellant's counsel, in their elaborate brief of this cause, have failed to point out any objections, and we can see none whatever, to the sufficiency of the facts stated in the second count, if the same were sustained by the evidence, to show that he was guilty of, and had committed, a public offence against the laws of this State, and within the jurisdiction of the DeKalb Circuit Court. The second count was sufficient.

5. The last error assigned by the appellant is, that the record does not show that the indictment was read to him. Upon this point, the language of the record is as

follows : "And the defendant, being arraigned and required to plead to the charge contained in the indictment herein, for answer, says he is not guilty." The first sentence of section 96 of the criminal code of this State reads as follows :

" The defendant is arraigned by reading to him the indictment, and requiring him to plead thereto." 2 R. S. 1876, p. 398.

When, therefore, the record of this cause showed that the appellant was arraigned, it also showed by necessary implication, and by force of the statutory definition of the term " arraigned," that the indictment was read to him.

It is claimed by the appellant's counsel, that the appellant's motion in arrest of judgment, in this case, calls in question the existence, validity and jurisdiction of the De-Kalb Circuit Court, as the same has been and now is organized, as a part of the Fortieth Judicial Circuit of this State, and the authority of the learned judge of said circuit, who presided as judge of said circuit court on the trial of the appellant, as shown by the record. In other words, it is claimed by counsel, and is earnestly insisted upon, that the act of the General Assembly of this State, creating the Fortieth Judicial Circuit, approved March 21st, 1879, was and is illegal, invalid and void ; and that, for this reason, the DeKalb Circuit Court, as a component part of the Fortieth Judicial Circuit, had no legal existence, and that the Hon. Charles A. O. McClellan, as the judge of said circuit, was not authorized by law to preside in or over the said circuit court, at and during the trial of the appellant, in the case now before us. Acts 1879, pp. 118 and 119.

Conceding, without deciding, that these questions are fairly presented by the alleged error of the court, in overruling the appellant's motion in arrest of judgment, we

will proceed to their consideration and decision. The act of March 21st, 1879, above referred to, purports in its title to be an act to amend section 74 of "An act to divide the State into circuits for judicial purposes," etc., approved March 6th, 1873, " to create the Fortieth Judicial Circuit; to provide for the appointment of a judge and prosecuting attorney therefor, and prescribing who shall be prosecuting attorney thereof, fixing the time of holding courts therein, and in the Thirty-Fifth Circuit, and declaring an ·emergency." In the 1st section of this act, it is enacted " That section seventy-four of the above recited act, approved March 6th, 1873, be · and the same is hereby amended to read, as follows, to wit: The counties of Steuben and DeKalb shall constitute the Fortieth Judicial Circuit of the State of Indiana."

If, in the interpretation and construction of the provisions of the act of March 21st, 1879, this court were absolutely bound and concluded by the numerals " 74 " in the title, and by the words " seventy-four," in the 1st section of said act, in arriving at and determining which section of the act of March 6th, 1873, the Legislature intended to and did amend, in and by the aforesaid act of March 21st, 1879, then it might be conceded that the latter act, in so far as it attempted to amend the act of March 6th, 1873, to divide the State into circuits, and thus to create the Fortieth Judicial Circuit, was absolutely null and void. For this section 74 of the act of March 6th, 1873, had been absolutely and unconditionally repealed by section 2 of an act to fix the times for holding the courts in the Thirty-Fifth Judicial Circuit, approved March 3d, 1875, Acts 1875, Reg. Sess., p. 47.; and it is settled by the decisions of this court, that an act to amend a law, which has been repealed or is invalid from any cause, is also an invalid and void law. *Blakemore* v. *Dolan*, 50 Ind. 194; *Ford* v. *Booker*, 53 Ind. 395; and *Cowley* v. *The Town of*

*Rushville*, 60 Ind. 327. But we do not understand that this court is bound, in the interpretation and construction of a statute, to take the words used therein in their plain, exact and literal sense. On the contrary, the true rule is, and always has been, as recognized in many decisions of this court, to make the legislative intention in the enactment of the particular statute, the chief guide of the court in its interpretation and construction. If the object, purpose and intention of the Legislature, in the enactment of the particular statute, can be fairly ascertained and arrived at, then it is the duty of the court to overlook and disregard all apparent inaccuracies and mistakes in the mere verbiage or phraseology of the statute, and, if possible, to give force and effect to the evident reason, spirit and intention of the law. This, we think, is the true and only safe rule for the guidance of the courts in all statutory exposition and construction, and as such it has been recognized and acted upon by this court, in a large number of its reported decisions. We cite only a limited number of these decisions. *The Mayor, etc., of Jeffersonville* v. *Weems*, 5 Ind. 547; *Shoemaker* v. *Smith*, 37 Ind. 122; *Garrigus* v. *The Board, etc., of Parke County*, 39 Ind. 66; *The State, ex rel.*, v. *Tucker*, 46 Ind. 355; *The State, ex rel.*, v. *The Mayor, etc., of LaPorte*, 28 Ind. 248; and *Zorger* v. *The City of Greensburgh*, 60 Ind. 1. It has been well said that it is the duty of courts to execute all laws according to their true intent and meaning; and that intent, when collected from the whole and every part of a statute, must prevail even over the literal import of terms, and control the strict letter of the law, when the latter would lead to possible injustice and contradictions. Where the constitutionality of a statute is in question, and an adherence to the strict letter of the law might perhaps render the statute unconstitutional and void, while a liberal construction of the act, in accordance with the evident intention and meaning of the

Legislature, would remove all doubts as to its constitutionality, in such case, it seems to us that it would be the manifest, if not imperative, duty of the courts to give the statute such liberal construction' as, by giving effect to the legislative intention, would sustain and not defeat the law in question. For it is clearly the duty of the courts, when the constitutionality of a statute is merely doubtful, to sustain the law, if it can be done by any fair construction. *Maize* v. *The State*, 4 Ind. 342; *Stocking* v. *The State*, 7 Ind. 326; and *Shoemaker* v. *Smith*, *supra*.

In the case at bar, it is manifest, we think, from the title of the act of March 21st, 1879, before referred to, and from the substance of the 1st section of said act, above set out, that it was the evident intention of the Legislature, in the passage of said act, to amend that particular section, and none other, of the aforesaid act of March 6th, 1873, which created and constituted the Thirty-Fifth Judicial Circuit of this State. By reference to the said act of March 6th, 1873, and its numerous sections and various provisions, it will be readily seen that the first thirty-nine sections of the act, except section 1, are devoted exclusively to the division of the State, by counties, into different judicial circuits, and the creation and constitution of such circuits; while, of the remaining sections of said act, those numbered from forty to seventy-seven, both included, were devoted absolutely and exclusively to fixing the terms of the courts, the time of commencement and the duration thereof, in each of the several counties constituting each of such judicial circuits. Thus, section 74 of said act provided merely that the terms of the circuit courts, in the Thirty-Fifth Judicial Circuit, should be held in the manner prescribed therein. Section 36 of said act reads as follows:

"SEC. 36. The counties of Steuben, DeKalb, and Noble shall constitute the Thirty-Fifth Circuit." 1 R. S. 1876, p. 381.

The subject-matter of section 1 of the aforementioned act of March 21st, 1879, shows very clearly to our minds that the General Assembly did not intend therein or thereby to amend section 74 of the act of March 6th, 1873, which section 74, as we have seen, merely provided that the terms of the circuit courts, in the Thirty-Fifth Judicial Circuit, should be held in a certain specified manner. But it is very clear, we think, that the object, purpose and intention of the Legislature, in the enactment of said section 1 of the said act of March 21st, 1879, were to amend said section 36, above set out, of the act of March 6th, 1873, by providing that two of the counties named in the latter section, to wit, " Steuben and DeKalb, shall constitute the Fortieth Judicial Circuit of the State of Indiana." The use of the words and numerals, "seventy-four (74)," in the title, and of the words " seventy-four," in section 1 of the said act of March 21st, 1879, was a clear and palpable mistake; for it can not be doubted, as it seems to us, that it was the intent and purpose of the Legislature, in and by the said act, to amend, not said section 74, but the said section 36, above set out, of the act of March 6th, 1873. It is the duty of this court, in order to carry out the intent and purpose of the Legislature, in the enactment of the said act of March 21st, 1879, to construe the said act as we do, as if it did in fact, what it clearly does in legal effect, amend the said section 36, instead of the said section 74, of the aforesaid act of March 6th, 1873.

This construction of the act of March 21st, 1879, gives force and effect to the evident intent and purpose of the Legislature in its enactment, and sustains the validity of the law. While this is so, it must be obvious that any other construction, and especially the construction, so earnestly contended for by the appellant's counsel, of the act in question, would completely subvert and defeat the

law, and would result, of necessity, in the grossest injustice and in almost irreparable mischief. For nearly ten months, the courts of the counties of DeKalb and Steuben have been organized and acting under and pursuant to the provisions of the act under consideration, and it can be readily seen what mischief and injustice would necessarily follow, if this court should now decide that the act in question was invalid and void.

We think, therefore, that our construction of the act of March 21st, 1879, is fully warranted and authorized by the recognized rules for the exposition and construction of statutes; that the act is a valid law; that, under its provisions, the DeKalb Circuit Court, as a component part of the Fortieth Judicial Circuit, had and has a valid and legal existence; and that the Hon. Charles A. O. McClellan, as the judge of said circuit, and ex-officio judge of said circuit court, was fully authorized by law to preside in and over the said court, at and during the trial of the appellant in the case at bar.

It is claimed also, by the appellant's counsel, as we understand them, that the proviso in section 9 of the aforesaid act of March 21st, 1879, in some manner affects the validity of the law and renders it unconstitutional and void. This proviso is to the effect that the circuit formed by said act should only continue until the 1st day of October, 1880, when the said counties of DeKalb and Steuben should then become and form a part of the Thirty-Fifth Judicial Circuit of this State, and the courts therein should thereafter be held, as they were then required by law to be held. This proviso is not in conflict with any constitutional provision of which we have any knowledge. The formation or creation of judicial circuits by legislation, and the repeal of such legislation or its amendment, are matters wholly within the discretion and power of the General Assembly. Of course, the Legislature can not, by

any legislation, abridge the constitutional term of office of an elected circuit judge; but if, at the time when by law a judge would have to be elected for a given circuit, such circuit has by law ceased to exist, it would seem to be clear that no judge could lawfully be elected for such circuit. That is what the Legislature sought to accomplish by the proviso in question, and we think it was not in conflict with the constitution, nor does it impair, in any manner, the validity of the aforesaid act of March 21st, 1879.

We find no error in the record of this cause.

The judgment is affirmed, at the appellant's costs.