No. 9933.

## GREENE v. THE STATE.

CRIMINAL LAW.— *Estrays.—Conversion.—Indictment.—Motion in Arrest.— Statute Construed.*—An indictment charging that the defendant did, " on or about the tenth day of June, 1880," take up five estray sheep and " convert the same to his own use before the title to the said sheep had been vested in him according to law," is insufficient under section 50, 2 R. S. 1876, p. 475, as qualified by section 19 of "An act regarding estrays," etc., 1 R. S. 1876, p. 464, upon motion in arrest of judgment.

SAME.—*Indictment.—Averments.—Time.*—In such indictment, an averment that the animals were taken up on a day between the first day of November and the first day of April, or that they were found in the inclosure of the taker-up, is material to show that they were the subject of illegal conversion.

SAME.—*Statute Construed.*—In such case, time is essential and must be correctly laid and proved. The statute, 2 R. S. 1876, p. 475, section 50, does not cover cases of an illegal taking up.

SAME.—" *Convert.*"—*Pleading.*—In such case, the word " convert " alleges a fact, the particulars of which need not be stated.

SAME.—*Certainty.*—It is the duty of the State to so frame an indictment as to apprise the defendant, with a reasonable degree of certainty, of the character of the charge preferred against him.

SAME.—*Transcript of Record.*—"*A True Bill.*"—It is immaterial whether the words "A true bill," endorsed upon the indictment, appear in the record as written across it, or be copied into the transcript immediately after the indictment.

From the Fulton Circuit Court.

*J. S. Slick*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton*, *B. D. Crawford*, Prosecuting Attorney, and *E. Myers*, for the State.

ELLIOTT, C. J.—The only question presented by the record in this case is as to the sufficiency of the second count of the indictment upon which the appellant was tried and convicted.

The charging part of the indictment reads thus: "On or about the 10th day of June, 1880, at the county of Fulton and State of Indiana, the defendant did then and there take up five estray sheep, then and there being found, the property of one Martin L. Conner, of the value of $3 each, and did then and there unlawfully, knowingly and wilfully convert the same to his own use before the title to the said sheep had been vested in him according to law."

It will be observed that the indictment does not charge the appellant with having taken up estray animals at a time prohibited by law. It will be further observed that it does not aver that the animals were taken up while within the enclosure of the accused. The charge is the unlawful conversion of estray animals.

The estray law contains this provision: "Nor shall any animal be taken up between the 1st day of April and the 1st day of November, unless the same be found in the enclosure of the taker up." 1 R. S. 1876, p. 464, section 19. The misdemeanor act in force when the offence was committed, and the indictment returned, contained the following provision: "If the taker up of estray property, shall suffer the same to be taken out of the county for more than three days at a time, or shall convert the same to his own use before the title thereto shall vest in him according to law," he "shall be fined not exceeding $100 or imprisoned not exceeding six months." It is evident that this indictment was intended to allege the illegal conversion of estray property, and thus charge an offence under the provisions of the statute quoted. The offence is not well charged. It is very clear that the provision con-

cerning the unlawful conversion of estray animals does not cover cases of an illegal taking up. The provision under immediate mention refers to cases where, by due process of law, the title may vest in the person taking up the estray. The phrase, "before the title thereto shall vest in him according to law," implies that the taker up may acquire title by conforming to, and proceeding in accordance with, the provisions of the estray law. It can not refer to cases where the animal is unlawfully taken up, for the reason that such person can not acquire title. An altogether different indictment from the present would be required to charge a violation of law by unlawfully taking up an estray animal.

The State insists that the time laid in this indictment is not material, and that evidence might have been introduced proving that the animals were taken up before the first day of April. It is the general rule, that time is not essential and need not be proved as alleged. There are, however, cases where time is essential and where it must be correctly laid and proved. *Clark* v. *The State*, 34 Ind. 436 ; *Effinger* v. *The State*, 47 Ind. 235 ; *State* v. *Caverly*, 51 N. H. 446. In this case time is essential. If the appellant took up the animals between the first day of April and the first day of November, he could not have been guilty of the offence sought to be charged against him. It was incumbent upon the prosecution to show that the act was done within a period of time which made it unlawful. It can not be inferred as against the averment of the indictment, that it was done at a time when it was criminal. If the time stated in the indictment, is the correct one, there is no guilt. It would be a subversion of all rules to presume it to be incorrect, or immaterial, for the purpose of holding that the appellant is guilty of a criminal offence.

It is the duty of the State to so frame an indictment as to apprise the defendant, with a reasonable degree of certainty, of the character of the charge preferred against him. An accused is entitled to a direct statement of the specific offence

for which he is prosecuted. The indictment should not be in such form as to make it a matter of doubt what offence he must prepare to meet. It is not for the State in the present instance to insist that the indictment will bear the construction that one of two offences is charged. That question should have been set at rest by direct statements.

It is said that the allegation that the animals were estrays may be rejected, and still an offence be properly charged. It is true that mere surplusage may be rejected, but the allegation of the indictment is not mere surplusage. The charge attempted to be preferred is unquestionably a violation of the estray law, and it is necessary to show that the animals were estrays, and the allegation is, therefore, material. Material allegations, essential to the existence of an offence, can never be considered as mere surplusage.

Mere conversion of personal property, without a criminal intent, and not in violation of a statute, does not constitute a misdemeanor. The simple conversion of personal property may furnish ground for a civil action, but not for a criminal prosecution. If the allegations that the sheep were estrays, and were taken up by the appellant as such, were eliminated, there would be nothing charged against him except a mere conversion of personal property.

The record shows that the indictment was properly endorsed "A true bill," and that this endorsement was signed by the foreman of the grand jury. This was sufficient. It must affirmatively appear from the record, that the indictment was properly endorsed. It is not material whether the clerk writes the form of the endorsement across the indictment copied in the record, or copies it in the transcript immediately after the indictment. Cooper v. The State, ante, p. 206; Beard v. The State, 57 Ind. 8.

The allegation of conversion is sufficient. The State was not bound to allege the particular acts of conversion. Conversion, as here stated, is a fact, and indictments are required to state facts, not evidence.

For the reasons first given, the indictment is bad, and the court erred in overruling appellant's motion in arrest of judgment.

Judgment reversed.