Padgett v. The State.

No. 12,667.

PADGETT v. THE STATE.

CRIMINAL LAW.—*Felonious Intent.—Evidence.*—The State is not required to sustain a charge of felonious intent by direct evidence. It is sufficient if the evidence is such as will satisfy the triers, beyond a reasonable doubt, of such intent.

SAME.—*Supreme Court.— Weight of Evidence.*—The Supreme Court will not disturb a finding on the weight of the evidence.

SAME.—*Arrest of Judgment.*—The second statutory cause for arrest of judgment (section 1843, R. S. 1881) presents no question as to the failure of the grand jury to return the indictment into open court.

SAME.—*Return of Indictment into Open Court.*—The record shows that the grand jury returned into open court seven indictments, each signed by the prosecuting attorney and properly endorsed by the foreman, and numbered 1740, 1743, etc., and that they were duly examined and filed. Indictment No. 1743 is set out, with all its endorsements, as the indictment against appellant.

*Held,* that a return is sufficiently shown.

From the Daviess Circuit Court.

*C. K. Tharp,* for appellant.

*F. T. Hord,* Attorney General, *W. B. Hord* and *J. H. Spencer,* for the State.

HOWK, J.—The indictment in this case charged that the appellant, " Marshall Padgett, on the 25th day of July, 1885, at the county of Daviess, and State of Indiana, did then and there, in a rude, insolent and angry manner, unlawfully touch, strike and beat one William James, with intent then and there, and thereby, feloniously to steal, take and carry away the money of the said William James, of the value of three dollars, in the lawful currency of the United States."

Upon the appellant's arraignment and plea of not guilty, the issues joined were by agreement of the parties submitted to the court for trial, without the intervention of a jury. After hearing the evidence, the court found appellant guilty as charged in the indictment, and assessed his punishment at two years in the State's prison and a fine of ten dollars, and, over

his motions for a new trial and in arrest, judgment was rendered accordingly.

In this court appellant has assigned as errors the overruling (1) of his motion for a new trial, and (2) of his motion in arrest of judgment.

The first question discussed by appellant's counsel, under the alleged error of the court in overruling the motion for a new trial, is the sufficiency, or rather, as counsel claims, the insufficiency, of the evidence to sustain appellant's conviction. It is true, as counsel contends, that in such a prosecution as this "the intent was the gist of the felony charged, and it devolved upon the State to make it out." *Greer* v. *State*, 53 Ind. 420; *White* v. *State*, 53 Ind. 595. But it is equally true that the State is not expected and can not be required to make proof of felonious intent, as a fact, by direct and positive evidence; for, as a general rule, men who do or commit acts, which the law denounces as public offences, do not proclaim in public places the intent with which such acts are done. If the State were required to make direct and positive proof of the felonious intent which characterizes the act done as a public offence, the result would be that many persons, charged and guilty of public crimes, would go acquit "unwhipt of justice." Therefore all that the State is required to do in such cases is to introduce such evidence on the trial of the cause as will satisfy the triers of the facts, whether court or jury, beyond a reasonable doubt, not only that the act was done by the defendant, but that it was done with the felonious intent charged in the indictment.

The case at bar is not a satisfactory one upon the evidence appearing in the record; and yet it is not a case where we are authorized to interfere with the finding and judgment of the trial court. The learned judge who tried the cause had opportunities and facilities which we can not have for determining the credibility of witnesses and the proper weight to be given to their evidence. Upon the question of the felonious intent, the evidence seems to us, from our reading of it, to be

weak and unsatisfactory, but we can not say that there is a failure of evidence on that or any other material point in the case. In accordance with repeated decisions of this court in similar cases, we must decline, therefore, to disturb the finding of the trial court on the evidence. *Cox* v. *State*, 49 Ind. 568; *Long* v. *State*, 95 Ind. 481; *Murphy* v. *State*, 97 Ind. 579; *Dolke* v. *State*, 99 Ind. 229; *Clayton* v. *State*, 100 Ind. 201.

Under the alleged error of the court in overruling the motion in arrest of judgment, appellant's counsel contends that the judgment ought to have been arrested, because the record fails to show that the indictment in this case was returned by the grand jury into open court. This is not the cause assigned by appellant in his written motion in arrest, nor is it one of the statutory causes for which judgment may be arrested in a criminal cause. Section 1843, R. S. 1881, provides that a motion in arrest may be granted by the court for either of the following causes:

"*First.* That the grand jury which found the indictment had no legal authority to inquire into the offence charged, by reason of its not being within the jurisdiction of the court.

"*Second.* That the facts stated in the indictment or information do not constitute a public offence."

The second of these statutory causes is the only one assigned by appellant in his written motion for the arrest of judgment in this case. It needs no argument, we think, for the purpose of showing that this cause for the arrest of judgment did not present to the trial court, nor does it present here, the question discussed by counsel, as to whether or not the record fails to show that the indictment against appellant was returned by the grand jury into open court. But, if the question were properly presented here, we would hold that the record of this cause does affirmatively show with sufficient certainty that the indictment against the appellant was duly returned by the grand jury into open court. The record shows that on the 25th day of September, 1885, the following entry

---

was made in the order-book of the court below, to wit: "Come now the grand jury and return in open court seven indictments, which are each signed Hiram McCormick, prosecuting attorney, and endorsed, A true bill, Stephen T. Gough, foreman, and numbered respectively on the backs thereof, 1740, 1743," etc. "And said indictments are examined by the court and filed by the clerk." Then indictment No. 1743 is set out, with all its endorsements, in the record before us, as the indictment against the appellant, Marshall Padgett, in this case.

In *Beard* v. *State*, 57 Ind. 8, it was held by this court, and correctly so we think, that the original indictment and all its endorsements constitute a necessary part of the record in a criminal cause, and that whatever may be shown, which is required to be shown, by these endorsements, must be considered by this court as shown by the record. See, also, *Clare* v. *State*, 68 Ind. 17, and *Greene* v. *State*, 79 Ind. 537.

We have found no error in the record of this cause which will authorize the reversal of the judgment.

The judgment is affirmed, with costs.

