No. 17,552.

THE STATE *v.* McCormick.

141 685
148 372
141 685
156 169

CRIMINAL LAW.—*Forgery.—Deed.—Insufficient Indictment.—Variance in Name.*—Where, in an indictment for forging a deed, it is alleged that the forged deed purports to have been executed by Hannah McCormick for the conveyance of her inchoate interest in and to certain lands, and copies of the signatures to the alleged forged instrument are "Zelus McGormick" and "Hannah McGormick," and there are no allegations that the forged signature of "Hannah McGormick" was intended for that of "Hannah McCormick," nor that in writing the signature there was any error, the indictment is insufficient on motion to quash.

SAME.—*Idem Sonans.*—The names McCormick and McGormick are not *idem sonans.*

From the Boone Circuit Court.

*N. Laughrun,* Prosecuting Attorney, and *C. N. Beamer,* for State.

*Artman & Lewis,* for appellee.

HACKNEY, J.—The lower court sustained the appellee's motion to quash the indictment in this case, the substance of which indictment is as follows: "That William L. McCormick, on the 10th day of December, 1894, at, etc., did unlawfully, etc., publish and place of record in the office of the county recorder of said county, as true and genuine, a certain false, forged and counterfeit deed, purporting to have been made and executed by one Hannah McCormick for the conveyance, and conveying the inchoate interest of said Hannah McCormick in and to certain lands to the said William L. McCormick, which said false, forged and counterfeit deed is of the tenor following." Then follows a copy of a warranty deed, in the usual form, and the copies of the signatures thereto are "Zelus McGormick" and "Hannah McGormick." It charged that said deed was so

published with intent to defraud one Charles McCormick, to whom a previous deed for the same land had been executed by Hannah McCormick, and which deed had been withheld from record by the defendant.

There are no allegations that the forged signature of "Hannah McGormick" was intended for that of "Hannah McCormick" nor that in writing the signature there was any error.    Indeed, it can only be known from a possible inference arising, not from a direct allegation, but from the recitals in the deed and its acknowledgment, that the person whose signature was forged was "Hannah McCormick," and not "Hannah McGormick."    It is manifest, in the absence of some such showing, that a deed signed by Hannah McGormick would not convey an interest in the lands of Hannah McCormick.    The two names are not *idem sonans*.    In *Zellers* v. *State*, 7 Ind. 659, it was held that Sedbetter and Ledbetter were not the same.

In *Porter* v. *State*, 15 Ind. 433, the variance between "E. Lymour" and "E. Seymour" was held to be fatal.

In *Black* v. *State*, 57 Ind. 109, "McKaskey" and "McKloskey" were held to be at variance.    It was there stated that the "true rule on this subject was said to be 'that if the names may be sounded alike, without doing violence to the power of the letters found in the variant orthography, then the variance is immaterial.' "

In *Mitchell* v. *State*, 63 Ind. 276, "Hairholts" and "Hairholser" were not the same.    See, also, *Abbott* v. *State*, 59 Ind. 70; *State* v. *Pease*, 74 Ind. 263; *Thomas* v. *State*, 103 Ind. 419.

There is some conflict in the decisions in this State as to what variation in names will be regarded as fatal, but in forgery the rule of pleading has been regarded with more strictness than in charging some other offenses and in civil proceedings.    If the case had proceeded to

trial, we think it clear that the deed set out *in hæc verba* would not establish the charge that it purported to convey the lands to Hannah McCormick. It is true that the purport clause in an indictment will not, as to the character of the instrument forged, prevail as against the copy of the instrument in the indictment and will be regarded as surplusage, but the copy will not be sufficient in this case to override the allegations, as to the former deed of Hannah McCormick to Charles McCormick, which allegations were made to establish the fraudulent effect of the alleged forged deed. In the case of *Powers* v. *State*, 87 Ind. 97, the indictment charged the forgery of the signature of "Henry Stellhorn," while the copy of the forged order was signed "Henry Stillhorn," but the intention of the defendant to forge the name of "Henry Stellhorn" was explicitly alleged. It was held to be a question of fact as to whether such was the intention, and if it was he could not escape because of his bad spelling.

A similar case was that of *Myers* v. *State*, 101 Ind. 379.

It was there held that the indictment, containing "the necessary averments as to who were intended by the names stated in the instrument," was sufficient.

Facts required to be affirmatively pleaded are not supplied, even in civil pleading, by mere recital allegations. *Jackson School Township* v. *Farlow*, 75 Ind. 118.

In our opinion the court did not err in quashing the indictment.

The judgment of the circuit court is affirmed.

Filed June 14, 1895.